VELOROUS TAFT, administrator, *vs.* ELIJAH B. STODDARD.

Worcester.   Oct. 2, 1885. — Feb. 25, 1886.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

Under the Pub. Sts. c. 151, § 20, a judge of the Superior Court is not authorized to reserve, for the determination of this court, specific questions of law arising in a suit in equity, when the determination of such questions will not enable this court to enter or order a final decree disposing of the case.

MORTON, C. J.   This case is not properly before us. Section 20 of the Pub. Sts. c. 151, which, by the St. of 1883, c. 223, § 2, is applicable to proceedings in the Superior Court, provides that "the justice by whom a case is heard for final decree may reserve and report the evidence and all questions of law therein for the consideration of the full court; and thereupon like proceedings shall be had as on appeals from final decrees." The purpose of this provision is to enable the justice to bring the whole case before the full court after it is ready for a final judgment. The report takes the place of an appeal. The provision does not authorize the justice before whom a case is heard to report a part of the case, or to select specific questions of law arising in a case, and reserve them to be determined by the full court, when the determination of such questions will not enable this court to enter or order a final decree disposing of the case.

The case at bar is a bill in equity to redeem land from a mortgage.   In the words of the report, "the justice before

whom this cause was heard, with the foregoing report of evidence and facts found at the hearing, reserves, as questions of law for the consideration of the Supreme Judicial Court, whether the defendant is entitled to hold said mortgage as security for the payment for his said services as trustee and attorney, and also for his advances, and for any liability he may be under to make further payments to said creditors who have not surrendered their claims."

The report does not authorize this court to order any judgment or final decree to be entered, and it does not appear that a decision of the questions reserved would lead to a final decree in the suit.

Upon the report as it stands, the jurisdiction of this court would be exhausted by the decision of the two questions of law reserved, and it could not order any final decree. We are of opinion that the Superior Court has no authority to reserve in this manner questions of law for our determination.

*Report discharged.*

*T. G. Kent*, for the plaintiff.
*W. A. Gile*, for the defendant.