ALMEDA E. TILLSON, executrix, *vs.* CITY OF SPRINGFIELD.

Hampden.    September 23, 1926. — January 3, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Municipal Corporations*, Officers and agents: retirement. *Statute*, Construction.

Section 77 and §§ 44, 45, of G. L. c. 32 must be construed and interpreted so as to constitute, so far as reasonably practicable, a consistent and harmonious body of law, its several provisions not conflicting with nor overlapping each other: § 77 providing a retirement allowance for laborers employed by a city and §§ 44, 45 providing such an allowance for janitors employed in public schools.

A janitor in a public school in a city, who was a working janitor, performing with his own hands and without assistance the work incident to his position, as distinguished from a superintending janitor, is not entitled to a retirement allowance under G. L. c. 32, § 77, although the city has accepted the provisions of that section and has not accepted the provisions of §§ 44, 45, of that chapter.

CONTRACT for the amount of a retirement allowance alleged to have been due and unpaid to the plaintiff's testator during his life. Writ dated April 3, 1926.

In the Superior Court, the action was heard by *Burns*, J., without a jury, upon an agreed statement of facts, and was reported by him under G. L. c. 231, § 111, for determination by this court.

The case was submitted on briefs.

*W. G. McKechnie & J. F. Egan*, for the plaintiff.

*C. H. Beckwith*, City Solicitor, for the defendant.

RUGG, C.J. This is an action of contract to recover a retirement allowance alleged to have been due and unpaid to the plaintiff's testator during his life. The plaintiff's testator for thirty-five years was employed by the defendant as janitor of a schoolhouse. He was a working janitor, performing with his own hands and without assistance the work incident to his position, as distinguished from a superintending janitor, chiefly overseeing others in the performance of their labor and not working with his own

hands.  By reason of physical disability, he petitioned proper city officers for retirement on half pay, and his petition was granted, on the presumed authority of G. L. c. 32, § 77, duly accepted by the defendant, whereby it is provided that "Any laborer in the employ of a city" which has accepted the statute may be retired on half pay under conditions with which the testator complied.  That statute was first enacted in substance by St. 1912, c. 503.  If that statute stood alone, it would be plain that the testator was a laborer on the authority of *White's Case*, 226 Mass. 517.  But that statute does not stand alone.  Another law was enacted by St. 1919, c. 143, (see now G. L. c. 32, §§ 44, 45,) whereby it was provided that "janitors employed in public schools of cities and towns which accept this section" may be retired upon compliance with conditions therein stated.  This statute has not been accepted by the defendant.  These two statutes now embodied in the General Laws must be construed and interpreted so as to constitute, so far as reasonably practicable, a consistent and harmonious body of law, its several provisions not conflicting with nor overlapping each other.  *Brooks v. Fitchburg & Leominster Street Railway*, 200 Mass. 8, 18.  *Decatur v. Auditor of Peabody*, 251 Mass. 82, 87.  The effect of these two statutes, according to their right meaning, is that the General Court has made different classifications; one, janitors employed in public schools, and the other, laborers.  These classes are independent and exclusive, each of the other.  The plaintiff's testator was rightly classified as a janitor of a school building.  He could not at the same time and under the same chapter of the statutes be a laborer.  It follows that the plaintiff is not entitled to recover.

*Judgment for the defendant.*