Hibbard, P. J.
This is an action of tort for deceit. It presents a definite question for determination. The facts not in dispute or found by the Court may be briefly stated as follows:
The plaintiff called at the defendant’s place of business in Washington, D. C. and inspected a car which it had for sale. In reply to his question as to whether the car had ever been in an accident, two of the defendant’s salesmen *504 and its Vice-President and Treasurer all represented to him that the car had never been in an accident, had been purchased new at Detroit, driven to Washington and thereafter used only in the vicinity of that city by the Vice-President and Treasurer as his private car. These representations were, twice made. Thereafter the plaintiff relying upon these representations purchased the car; and at that time a written conditional sales contract and a uniform used motor vehicle warranty were signed by the plaintiff who did not read them in their entirety but signed them relying upon such; representations.
The material phrases in these documents were of the following tenor:
“that said car ... if used or second-hand, has been examined by the Buyer and accepted in its present condition.”
“Buyer agrees and acknowledges that the within contract covers all conditions and agreements between the parties. . . . Buyer hereby acknowledges receipt of and accepts the car, having first examined and tested same and found same in sound and first-class condition. ’ ’
“This agreement . . . contains the entire agreement between the parties hereto, their agents or employees, either verbal or written.”
.After the purchase the plaintiff experienced difficulty in operating' the car. An examination by a qualified expert showed the car had been in an accident, its frame was bent, had been freshly painted and that an entire new frame would be required to put it in proper condition.
The Trial Court found the facts to be as above stated and for the plaintiff.
*505 The defendant seasonably filed requests for rulings of which all but the first and ninth were denied. Those refused were of the following tenor:
“2. The written contract and warranty expressly abrogates all previous negotiations and representations.
“3. The plaintiff is bound by the provision contained in the conditional sale agreement that the car if second hand ‘has been examined by the Buyer and accepted in its present condition. ’
“4. The provision that the written agreement ‘contain the entire agreement between the parties hereto, their agents or employees, either verbal or written’ merges all antecedent negotiations and representations and requires that the right and liabilities of the parties be determined by the written agreement above.
“5. The provision contained in the written warranty relieves the defendant of any warranties or representations made by any employee or agent except such warranties or representations as are contained in the written agreement.
“6. Under the terms of the written contract and warranty the defendant’s agent or employee had no authority to make any warranty, promise or representation as to the car not having been in an accident.
“7. Under the terms of the written contract and warranty the plaintiff agreed to and accepted the limitation placed on the authority of the employee or agent of the defendant to make representations, warranties or inducements which would be binding on the defendant.
“8. The provisions of the written contract and warranty relieves the defendant of liability in deceit for prior or subsequent frauds of an agent or employee.
“10. The plaintiff has failed to prove by a fair preponderance of the evidence that the defendant is liable for deceit.
“11. Where the parties to an agreement reduce the contract to writing no recovery can be had in tort on *506 the ground that certain promises were omitted and alleging that the omitted promises were fraudulent representations. Laughery v. Central Trust Co., 258 Mass. 72.
“12. There is evidence to warrant a finding for the defendant.”
These requests present the real issue which is the power and effect of the limitations contained in the agreement and warranty.
The evidence warranted a finding for the plaintiff, the Trial Court having found all the elements of fraud present. The finding must stand unless incorrect as a matter of law.
The policy of the law has been recently defined in Bates v. Southgate, 308 Mass. 170, at page 177: “Attempts under the form of contract to secure total or partial immunity from liability for fraud are all under the ban of the law.” At page 179: “Fraud vitiates every contract at the election of the injured party. It does not authorize parties to attempt to provide by written contract that there shall be no liability for fraud”; and at page 182: “Contracts or clauses attempting to protect a party against the consequences of his own fraud are against public policy and void where fraud inducing the contract is shown, whether that fraud was ‘antecedent’ to the contract or ‘entered into the making’ of it.
The more recent case of Boston Five Cent Savings Bank v. Elva M. Brooks, 1941 A. S. 771 reaffirms this doctrine.
Aside from these considerations but in no degree waiving them, we think it requires no argument or citation to hold it would be contrary to public policy and sound principles of justice to permit the defendant to profit from a fraud perpetrated by its Vice-President and Treasurer.
The defendant in its brief and at the bar argued that the rights of the parties are to be determined by the law *507 of the District of Columbia, the contract having been made there, and cited Clark v. State Street Trust Company, 270 Mass. 140, 150. Conceding such to be the case, the statutes of the Commonwealth (General Laws ch. 233, section 70) provide that our courts “shall take judicial notice of the law ... of any state, territory or dependency thereof . . . wherever the same shall be material.”
It does not appear that the defendant raised this point before the Trial Court by appropriate requests for rulings or by directing the attention of the Court to the law of said district.
Although the attention of the Trial Court was not called to the law of said district, this tribunal is not precluded from considering decisions and statutes of said district. Walker v. Lloyd, 295 Mass. 507.
Assuming reference to two District of Columbia cases in the defendant’s brief may be considered as calling our attention to the law of that jurisdiction and bringing the instant action within the terms of the statute quoted, we have examined these authorities both involving the authority of an agent.
In Philip Carey v. Tyson, 39 App. D. C. 233, the plaintiff testified he saw correspondence when he was employed by the defendant respecting the authority of the agent with whom he conferred. Under these circumstances the Court held he was dealing with an agent whose delegated power was limited to the authority conferred by the correspondence with his principal.
In Metropolitan Casualty Co. v. Potomac Builders Supply Co. Inc., 61 App. D. C. 255, it appeared that the agent was not an officer of the defendant but an agent authorized by written order to execute certain contracts and guarantee bonds. It was held the authority thus conferred did *508 not entitle the agent to bind the defendant by representations to persons not standing in any legal relation to the defendant concerning the existence or character of the bonds upon which the defendant was then liable.
It is obvious neither of these cases is analogous or helpful. It is not the duty of this Court to inquire further as to the law of said District. Dadmun v. Dadmun, 279 Mass. 217.
No prejudicial error appearing, the report is to be dismissed.