ALFRED T. DUNLOP *vs.* ALLIE CLAUSSEN, administratrix.

Middlesex. May 12, 1943. — May 13, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Probate Court,* Report.

A judge of probate had no power under G. L. (Ter. Ed.) c. 215, § 13, to "reserve and report" to this court the question of the jurisdiction of the Probate Court to receive and examine a contested claim for funeral expenses filed in an insolvent estate following a decree ordering claims of all creditors to be received and examined, where there had been no interlocutory decree nor order respecting such claim nor hearing on the merits thereof.

PETITION, filed in the Probate Court for the county of Middlesex on December 11, 1942, for proof of a claim against the estate of Emma Harding Gwillam, late of Newton, represented insolvent.

A "reservation and report" was made by *Monahan, J.,* as described in the opinion.

*F. Hurtubis, Jr.,* for the petitioner.

*R. J. Cram,* for the respondent.

FIELD, C.J. The administratrix of the estate of Emma Harding Gwillam, late of Newton, on July 8, 1942, filed in the Probate Court "a representation of insolvency setting forth debts of the deceased amounting to $265; funeral expenses $502.95 and charges of administration $1,500, making a total of $2,267.95; that the total assets of the estate amounted to $579.61. A decree was entered on July 9, 1942, ordering claims of all creditors to be received and examined at the Probate Court on August 20, 1942, and January 11, 1943, and that notice be given accordingly. No account has been filed in this estate. On December 11, 1942, Alfred T. Dunlop, of Newton, filed a proof of claim alleging that the sum of $568.55 was due to him for the funeral, burial, transportation and traveling expenses incidental to the burial of the intestate, which sum he advanced

at the request of one of the next of kin. This claim was contested by the administratrix who filed an answer. When this matter came before . . . [the judge of probate] for hearing, no question was raised by any of the parties as to the jurisdiction of the court to receive and examine preferred claims for funeral expenses in insolvency proceedings. The court, on its own initiative, raised the question of jurisdiction." These statements are contained in a "reservation and report" of the judge of probate, who states therein: "Pursuant to the provisions of General Laws, Chapter 215, section 13, I reserve and report the case on the facts reported above for the consideration and determination of the Supreme Judicial Court."

The matter is not properly before us upon this "reservation and report." The power of a probate judge to "reserve and report" a case to the full court that is conferred by G. L. (Ter. Ed.) c. 215, § 13 — the sole source of the power to report — is limited to two classes of cases: (a) cases in which interlocutory decrees or orders have been made, and (b) cases that have been "heard for final determination," in which cases the judge may "reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal."

The present case does not come within the first of these classes. The question reported does not relate to the decree "ordering claims of all creditors to be received and examined." And no interlocutory decree or order has been made with respect to the proof of claim by Alfred T. Dunlop.

The report does not conform to the requirements for a report in the second class of cases — cases that have been "heard for final determination." In such a case there must be a report of the entire case and not merely of a part thereof. *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103, 106. As was said of the power of the Superior Court to reserve and report a case under a closely similar statute, now G. L. (Ter. Ed.) c. 214, § 31, in *Taft* v. *Stoddard*, 141 Mass. 150: "The purpose of this provision is to enable the justice to bring the whole case before the full court after it is ready

for a final judgment. The report takes the place of an appeal. The provision does not authorize the justice before whom a case is heard to report a part of the case, or to select specific questions of law arising in a case, and reserve them to be determined by the full court, when the determination of such questions will not enable this court to enter or order a final decree disposing of the case." See *Hildreth* v. *Thibodeau,* 186 Mass. 83, 85; *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 364. Obviously, even if the claim of Alfred T. Dunlop is treated as separable and as constituting an independent case, the report is a report of only a part of that case and would not enable the full court to enter or order a final decree disposing of that case. Such a final decree could be entered or ordered on this report only in the event that it should be held that the Probate Court was without jurisdiction of the proof of claim of Alfred T. Dunlop. If the decision was in favor of the jurisdiction of the Probate Court, this court would not be in a position to enter or order a final decree disposing of the case. A probate judge has no power to report a part of a case — unless after an interlocutory decree or order — merely by reason of the possibility that a decision of that part of the case might finally dispose of the entire case.

*Report dismissed.*