ELIZABETH HARRIET CURRAN, petitioner.

Middlesex.    May 12, 1943. — May 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Adoption. Name. Illegitimacy. Probate Court, Report.*

The provision of G. L. (Ter. Ed.) c. 215, § 13, that a judge of probate "may reserve and report the evidence and all questions of law therein" to this court does not authorize a report of part of a case or merely of specific questions of law arising in a case.

A certain reservation and report by a judge of probate, as a "case stated," submitting specific questions of law which in form pertained to the power of the court to grant the relief sought by the petitioner, was treated by this court in the circumstances as a report of the entire case for final disposition by it within G. L. (Ter. Ed.) c. 215, § 13.

Under G. L. (Ter. Ed.) c. 210, § 1, as amended by St. 1941, c. 44, an adult unmarried woman may adopt her own natural child; and, under § 6, upon such adoption the court may decree that his surname be that of the adopter as requested by her.

The facts, that an unmarried adult woman seeking to adopt a child of whom she had had custody since his birth was intelligent, employed, and earning enough to support herself and the child and that she maintained a home with her mother and the child, sufficiently showed that the adoption would be for the welfare of the child and that the petition therefor should be granted.

PETITION, filed in the Probate Court for the county of Middlesex on January 28, 1943.

The case was reserved and reported by *Monahan*, J.

*A. M. Pinkham*, for the petitioner, submitted a brief.

FIELD, C.J.  This is a petition brought in the Probate Court by Elizabeth Harriet Curran, of Somerville, an adult unmarried woman, for leave to adopt a child under the age of fourteen years, referred to in the petition as Charles Henry Drake, and for a change of the name of the child to Charles Henry Curran.  The petition bears the indorsement of consent to the adoption by the mother of the child, the petitioner.

The judge of probate made a "reservation and report" in the following terms: "This is a petition for the adoption and change of name of Charles Henry Drake which petition is brought by an adult unmarried woman praying for the adoption of her own natural child.  No commissioner was appointed to take the testimony.  A report of this case was received from the department of public welfare.  The facts in this case were stated by counsel for the petitioner and there is no controversy concerning any of the facts so stated. It is a case stated.  The petitioner who was unmarried and domiciled in Massachusetts, in 1939 went to Nashua, New Hampshire, and gave birth to said child on June 11 of that year.  This birth was recorded at the city hall in said Nashua on July 11, 1939, as a male child of William Drake and

Elizabeth Harriet Curran Drake, husband and wife. The petitioner was never married to William Drake. Subsequently, on November 29, 1942, the child was taken to St. Patrick's Catholic Church in Nashua, New Hampshire, and baptized by Reverend Father Quinn and given the name Charles Henry Drake. The petitioner, who has had the custody of the said child since his birth is an intelligent young woman. She is gainfully employed and earning a salary adequate to support herself and the said child. She maintains a small, comfortable apartment together with her mother and the child. Since the birth of said child his mother has always referred to him as Charles Henry Drake. The court submits the following questions: First. Can this unmarried adult petitioner adopt her own natural child who was born out of wedlock? Second. If the said petitioner can legally adopt the said child can the court decree the change of name of said child from Charles Henry Drake to Charles Henry Curran, as prayed for? Third. Did the said child, at his birth, take the surname of his unmarried mother? Pursuant to the provisions of General Laws, chapter 215, section 13, I reserve and report the case on the facts reported above for the consideration and determination of the Supreme Judicial Court."

It is apparent from the form of the "reservation and report" that the judge of probate misapprehended the scope of his power to reserve and report a case under G. L. (Ter. Ed.) c. 215, § 13. That section is as follows: "A judge of the probate court by whom a case or matter is heard for final determination may reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal. And if, upon making an interlocutory decree or order, he is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, he may report the question for that purpose, and stay all further proceedings except such as are necessary to preserve the rights of the parties." The present case does not fall within the provision of this section authorizing a report "upon making an interlocutory

decree or order." There has been no "interlocutory decree or order." The other provision for a report in the section applies only when "a case or matter is heard for final determination," and contemplates a report of "the evidence and all questions of law therein." This provision does not authorize a report of a part of a case or of specific questions of law arising therein. The report must be of the entire case and in such form that this court can enter or order the entry of a final decree disposing of the case. *Dunlop* v. *Claussen*, 313 Mass. 715. See also *Taft* v. *Stoddard*, 141 Mass. 150; *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103, 106.

With some hesitation, however, we conclude that this "reservation and report" may properly be treated as a report of the entire case upon which this court can enter or order the entry of a final decree disposing of the case.

There is no legal impediment to the adoption prayed for. It is within the scope of G. L. (Ter. Ed.) c. 210, § 1, as amended by St. 1941, c. 44, which, so far as here material, is as follows: "A person of full age may petition the probate court in the county where he resides for leave to adopt as his child another person younger than himself, unless such other person is his or her wife or husband, or brother, sister, uncle or aunt, of the whole or half blood. A minor may likewise petition, or join in the petition of his or her wife or husband, for the adoption of a natural child of such minor." The present case is within the terms of the first sentence of this section. The petitioner is a "person of full age," and the child is younger than herself and is not a person who by the terms of this sentence is excluded from adoption by reason of his relationship to the petitioner. If this case were to be regarded as excluded from the provisions of the first sentence of the section, it would be by reason of some implication from existing law applicable to illegitimate children or to the adoption of children. There was, however, no decision that such a case was excluded from the application of this sentence prior to the amendment of the section by St. 1941, c. 44, incorporating the second sentence in the section. This first sentence of the section permitted adoption only by a "person of full age," and the obvious purpose of

the amendment of the section by incorporating therein the second sentence was to permit adoption by a minor of his or her natural child, thus extending to a minor in this particular type of case the privilege of adoption conferred in other types of cases only upon a "person of full age." There is no conceivable reason for extending this privilege to a parent who is a minor and denying it to a parent who is a "person of full age." Such a result might fairly be characterized as absurd, and an intention to accomplish this absurd result, unless clearly required by the language of the statute, is not to be attributed to the Legislature. *Commonwealth* v. *Kimball*, 24 Pick. 366, 370. However the section would have been construed before the amendment, the section, as amended, is to be read and construed as a consistent whole in harmony with common sense and sound reason. *Dascalakis* v. *Commonwealth*, 244 Mass. 568, 570. *Commonwealth* v. *Pascone*, 308 Mass. 591, 596. We construe this section, as amended, as permitting a "person of full age" to petition for the adoption of his or her natural child.

The granting of the petition for adoption is not precluded by the fact that the petitioner is the person whose consent to the adoption is required by G. L. (Ter. Ed.) c. 210, § 2. That section provides that a "person whose consent is hereby required shall not thereby be debarred from being the adopting parent."

The facts set forth in the "reservation and report" are somewhat meager facts upon which to base a decree of adoption. But they fairly import that "the petitioner is of sufficient ability to bring up the child and provide suitable support and education for it" (G. L. [Ter. Ed.] c. 210, § 6), and we think that it is fairly to be inferred from the facts set forth, in the absence of any facts having a contrary tendency, that adoption by the petitioner will be for the welfare of the child. *Purinton* v. *Jamrock*, 195 Mass. 187, 201. *Von Horn* v. *Curran*, 284 Mass. 120, 121. We conclude that the petition for adoption should be granted.

The petitioner prays that the name of the child referred to in the petition as Charles Henry Drake be changed to Charles Henry Curran. General Laws (Ter. Ed.) c. 210,

§ 6, provides expressly that the "court may also decree such change of name as the petitioner may request." The name requested seems to be an appropriate name to be borne by the child after his adoption. It will serve no useful purpose to enter upon a discussion as to the present legal name, if any, of the child. The statutory authority is ample to authorize the entry of a decree that upon adoption the name of the adopted child shall be Charles Henry Curran.

A decree is to be entered in the Probate Court that from the date of the entry of this decree the child referred to in the petition as Charles Henry Drake shall to all legal intents and purposes be the child of the petitioner, and that his name shall be Charles Henry Curran which he shall hereafter bear and which shall be his legal name.

*Ordered accordingly.*