NATIONAL DEVELOPMENT COMPANY *vs.* ELLEN GRAY &
another, administrators, & another.

Essex.   October 6, 1943. — December 1, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Report.

A trial judge, after hearing part of the issues in a suit in equity, had no
power under either § 30 or § 31 of G. L. (Ter. Ed.) c. 214 to report
the suit upon the evidence heard by him and his findings of fact and
rulings of law without having entered any interlocutory decree or order.

BILL IN EQUITY, filed in the Superior Court on February
19, 1941.

The suit originally was brought against Oscar L. Lawson
and the Lawson-Porter Shoe Machinery Corp. Upon sug-
gestion of the death of the defendant Lawson, the adminis-
trators of his estate, Ellen Gray and A. Arnold Lawson,
were permitted to defend in his stead.

The suit was heard by *Greenhalge*, J.

*L. Withington*, (*L. G. Miller* with him,) for the defendants.

*H. D. Linscott*, for the plaintiff.

Cox, J. The plaintiff, in its bill in equity, asks that the
defendants be required to assign to it certain patent rights,
that they be enjoined from making any use of these rights,
and for an accounting. Such evidence as was taken is
reported. The trial judge made a "STATEMENT OF FIND-
INGS, RULINGS AND ORDER FOR A DECREE," in which,
however, he stated that he made "no order for a decree,
interlocutory or final, for two reasons, first because at the
hearing the parties agreed that the question of damages
should be left open, if there was liability, to be further
heard by the court or referred to a master and second
because the question is not free from doubt and the parties
may prefer to have the liability passed upon by the Supreme
Judicial Court before any hearing upon damages is had, in
which case . . . [he was] prepared to report the question
under the statute." The judge also stated: "I think that

the plaintiff is entitled to relief" by way of assignment of patent rights and injunction and also to an accounting. The record contains a statement entitled "REPORT" which is signed by the judge and in which this appears: "This cause came on to be heard and after hearing and argument I made certain findings of fact and rulings but made no order for decree for reasons stated and I now report the case for the consideration of the Supreme Judicial Court upon the pleadings, the evidence and my findings of fact and rulings of law, such decree to be entered as justice and equity may require." Apart from orders as to the use of the exhibits, nothing else appears in the "REPORT." The record contains nothing that relates to the matter of an accounting.

General Laws (Ter. Ed.) c. 214, § 30, provides for the report, by a judge of this court or the Superior Court, of an interlocutory decree or order to this court in certain circumstances. But no decree or order was here made, and it is apparent that this failure was intentional. It is apparent that the "REPORT" was not made in pursuance of the power conferred by § 30. Section 31 of said c. 214 provides that a justice of either court by whom a case is heard "for final decree" may reserve and report the evidence and "all questions of law therein" for the consideration of the full court; and thereupon like proceedings shall be had "as upon appeals from final decrees." Apart from these statutory provisions, suits in equity can come to this court from the Superior Court only by way of appeal.

The case of *Dunlop* v. *Claussen,* 313 Mass. 715, was brought to this court on a so called reservation and report under G. L. (Ter. Ed.) c. 215, § 13, a statute closely similar to § 31 of said c. 214, but which relates only to Probate Courts. It was there said, at page 716, that "§ 13 — the sole source of the power to report — is limited to two classes of cases: (a) cases in which interlocutory decrees or orders have been made, and (b) cases that have been 'heard for final determination,' in which cases the judge may 'reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal.'" It was held

that the case did not come within the first of these classes
and that the report did not conform to the requirements for
a report in the second class of cases. It was said with
respect to the second class at pages 716–717: "In such a
case there must be a report of the entire case and not
merely a part thereof. *Agoos* v. *Cosmopolitan Trust Co.*
241 Mass. 103, 106. . . . A probate judge has no power to
report a part of a case — unless after an interlocutory
decree or order — merely by reason of the possibility that
a decision of that part of the case might finally dispose of
the entire case." What was there said is applicable to the
suit at bar. *Taft* v. *Stoddard*, 141 Mass. 150. *Hildreth* v.
*Thibodeau*, 186 Mass. 83, 85. *Daly* v. *Foss*, 209 Mass. 470,
473–474. See *Cronan* v. *Cronan*, 286 Mass. 497, 499;
*Gulesian* v. *Richardson*, 306 Mass. 184, 186; *Orth* v. *Para-
mount Pictures, Inc.* 311 Mass. 580, 581–582; *Curran,
petitioner*, 314 Mass. 91, 93–94.

The judge was without jurisdiction to do what was
attempted here.                     *Report dismissed.*