## HERBERT C. PIERCE'S CASE.

Worcester. March 10, 1950. — April 20, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Procedure: report by Superior Court; Right to compensation; Receipt of employment security benefits. *Employment Security.*

The Superior Court has no power to report a workmen's compensation case to this court except in accordance with St. 1949, c. 61, amending § 11 of G. L. (Ter. Ed.) c. 152.

An employee partially incapacitated through an industrial injury other than one of the injuries specified in § 36 of the workmen's compensation act, and out of work for a period in 1947, was not entitled both to compensation under that act and to benefits under the employment security act during that period.

Benefits received under the employment security act are not "benefits derived from any other source than the insurer" within G. L. (Ter. Ed.) c. 152, § 38.

Receipt of benefits under the employment security act by an employee for a period in 1947 when he was out of work following an industrial injury other than one of those specified in § 36 of the workmen's compensation act barred him from seeking compensation under the workmen's compensation act for the same period on the alleged ground that he was partially disabled through such injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A single member of the board found, among other things, that "the employee, as a result of the injury he sustained on June 26, 1945, was partially disabled for work for a period of five and one half days during the month of October, 1946, and again from May 13, 1947, to October 16, 1947," and

awarded compensation. The case was recommitted to the single member to consider the issue of the employee's alleged receipt of benefits under the employment security act "applicable to the period of incapacity found by the single member." The single member found that the employee had received such benefits and ruled that he therefore was "not entitled to be paid workmen's compensation." The reviewing board affirmed the finding of the single member as to partial incapacity, but reversed his ruling that the employee was barred from obtaining compensation by having received employment security benefits.

The case was heard in the Superior Court by *O'Brien, J.*, who stated that the "case was argued in" that court "on the one question as to whether or not the employee is entitled to receive workmen's compensation . . . and at the same time receive benefits under" the employment security act; and purported to "reserve and report the evidence as set forth in the decisions of the Industrial Accident Board and all questions of law therein for the consideration of the full court."

*P. L. Hinckley*, for Hardware Mutual Casualty Company.

*H. Zarrow*, for the claimant.

*T. J. Donahue, E. V. Cashin, & J. Kimball, Jr.*, for Liberty Mutual Insurance Company, submitted a brief.

RONAN, J. The employee suffered a back strain on June 26, 1945, which interrupted his work for a short period, for which he was paid workmen's compensation. He experienced further difficulty with his back on October 11, 1946, caused by lifting while working for another employer. He was prevented from working for nearly a week and resumed work until May 12, 1947, when he was laid off although there was other work in the plant which he could have done but for the condition of his back. He was out of work until October 16, 1947, when he secured work with another employer. The employee filed a claim for workmen's compensation on March 4, 1947, and now seeks compensation for the period he was away from his job in October, 1946, and for the period from May 12, 1947,

to October 16, 1947. Shortly after May 12, 1947, he applied for and, after a waiting period, was paid unemployment benefits up to October 16, 1947. The judge without making any decision[1] reported the question whether the employee was entitled to receive workmen's compensation during the period he was receiving these unemployment benefits.

We are met at the threshold with the inquiry whether this case is properly here upon the report of the judge of the Superior Court. The question, so far as we are aware, has not been decided by this court. It was not presented, considered, or decided in *Komar's Case*, 293 Mass. 405. We lay that decision to one side. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343. The power of a judge of the Superior Court to report to this court an action at law or a suit in equity is wholly the creature of statute, and the same is true with respect to a probate judge, G. L. (Ter. Ed.) c. 214, §§ 30, 31; c. 215, § 13; c. 231, § 111; and these statutes prescribe the limitations which must be observed in exercising the power to report a proceeding to this court. For instance, on the law side, a judge of the Superior Court cannot report an interlocutory matter unless he has made an order deciding it, and he cannot report the entire action at law unless there has been a verdict or a finding for one party or the other, or unless the case was submitted upon a statement of agreed facts. In a suit in equity or other proceeding in a Probate Court, the judge cannot report an interlocutory matter unless he has decided it by entering an interlocutory decree or order, nor can he report a part of a suit which he has "heard for final determination." *Taft* v. *Stoddard*, 141 Mass. 150. *Walters* v. *Jackson & Newton Co.* 231 Mass. 247, 248. *Orth* v. *Paramount Pictures, Inc.* 311 Mass. 580, 581–582. *Dunlop* v. *Claussen*, 313 Mass. 715. *Curran, petitioner*, 314 Mass. 91, 93–94. *National Development Co.* v. *Gray*, 315 Mass. 127, 128–129. *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245.

The workmen's compensation "act has a procedure all its own, being neither an action at law nor a suit in equity al-

---

[1] See St. 1949, c. 61.

though resembling the latter in many respects." *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13. It has frequently been said that procedure under the act is governed in general by the practice in equity. *Gould's Case,* 215 Mass. 480. *Liberty Mutual Ins. Co., petitioner,* 298 Mass. 75. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo,* 298 Mass. 401. *Duggan's Case,* 315 Mass. 355. It has accordingly been held that questions of law arising in the Superior Court in a proceeding under the workmen's compensation act cannot be brought here by a bill of exceptions. *Gould's Case,* 215 Mass. 480, 483. *McNicol's Case,* 215 Mass. 497, 501. *Keohane's Case,* 232 Mass. 487, 489. *Kareske's Case,* 250 Mass. 220, 225–226. On the other hand, it has been often pointed out that the only way to bring a question of law here in a workmen's compensation case is by appeal. *Pigeon's Case,* 216 Mass. 51, 55. *Cripps's Case,* 216 Mass. 586, 588. *Sciola's Case,* 236 Mass. 407, 415. *Nagle's Case,* 310 Mass. 193, 197. It may not be improper to state that even if the judge in disposing of the instant case had the same power to deal with it as if he were hearing a suit in equity, he would have no power to report the case in the manner in which he attempted to report it. *Curran, petitioner,* 314 Mass. 91, 93–94. *National Development Co.* v. *Gray,* 315 Mass. 127, 128–129. The act makes no express provision for making a report, excepting only in accordance with St. 1949, c. 61.[1] Section 11 of the act clearly defines the duty of a judge of the Superior Court in a workmen's compensation case. Upon the presentment of certified copies of an order or decision of a reviewing board, "The court shall thereupon render a decree in accordance" with the law, and "Such decree shall have the same effect, and all proceedings in relation thereto shall *thereafter* [2] be the same, as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact," nor shall there be an

[1] This statute, however, is not applicable as the judge made no decision or decree.

[2] Italics supplied.

appeal from decrees relative to certain matters not now material. It is the duty of the judge under this section, if the decision of the reviewing board is complete and adequate to support a decree, to enter the appropriate decree required by the law upon the facts reported by the reviewing board unless it appears that the findings are not supported by the evidence or that the proceeding before the board is in some way vitiated by an error of law. *Walsh's Case*, 281 Mass. 228. *McCarthy's Case*, 314 Mass. 610, 612. *Willand's Case*, 321 Mass. 677, 678. The decree which the act contemplates shall be entered in the Superior Court shall have the same effect as a decree in equity, and appellate proceedings thereafter taken are to conform to the practice in equity except that questions of fact shall not be open to review as they are in the ordinary appeal in equity. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178. In other words, it was not optional with the judge to decide the present case and enter a decree, or to decline to make a decision on the merits and report the case to this court. "The statute requires a final decree from which the party aggrieved can appeal to this court." *Keohane's Case*, 232 Mass. 487, 489. Whether or not he shall either enter a decree or report the case is not governed by equity practice. But once a decree has been properly entered and an appeal taken, the steps for perfecting and entering the appeal in this court are to be performed in accordance with the practice prevailing in equity. We therefore are constrained to conclude that the judge was without power to report the case and that consequently there is nothing before this court.

The determination of the question of law sought by this report has been fully argued by the parties. A previous attempt to raise this question failed in *Demetre's Case*, 322 Mass. 95, 101. A decision will assist the Industrial Accident Board in the performance of its duties, as this question of law is certain to be presented soon if it is now left without decision. It is an important question and is of general public interest. Without meaning to establish a precedent, we think it appropriate to express our opinion on the merits of

this question. *Moore* v. *Election Commissioners of Cambridge,*
309 Mass. 303. *Wellesley College* v. *Attorney General,* 313
Mass. 722, 731. *Massachusetts Charitable Mechanic Association* v. *Beede,* 320 Mass. 601, 609.

What is now the employment security act, G. L. (Ter. Ed.)
c. 151A, stems from the original c. 151A, inserted by St.
1935, c. 479, § 5. The constitutionality of this chapter was
sustained in *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, as an exercise of the
police power, designed, it was said at page 282, "to afford
relief to those who have been employed in the selected kinds
of business since the effective date of that law when they
are thrown out of work through no fault of their own."
See also *Farrar* v. *Director of the Division of Employment
Security,* 324 Mass. 45, 48; *Moen* v. *Director of the Division
of Employment Security,* 324 Mass. 246, 250.

The original c. 151A by § 19 (e) provided that no benefits
were to be paid to an employee who was receiving benefits
under the workmen's compensation law, "provided, that if
he is receiving only partial compensation under said chapter one hundred and fifty-two, which is less than the benefits
which would otherwise be due him hereunder for unemployment, he shall receive such unemployment benefits reduced by the amount of such partial compensation." This
original chapter was superseded by a new c. 151A contained
in St. 1937, c. 421, § 1, which in turn gave way in St. 1941,
c. 685, § 1, to another chapter entitled "Employment Security." This last mentioned chapter by § 25, subparagraph (d), provided that no benefits should be paid during
"Any period with respect to which he is receiving or has
received or is about to receive remuneration in the form of
. . . (3) compensation for partial or total disability under
the Workmen's Compensation Law of any state or under
any similar law of the United States, but not including payments for certain specified injuries under section thirty-six
of chapter one hundred and fifty-two; or payments for
similar specified injuries under workmen's compensation
laws of any state or under any similar law of the United

States." This is the present form of this subparagraph (d) (3) in so far as now material and as it now appears as G. L. (Ter. Ed.) c. 151A, § 25, subparagraph (d) (3).

This brief legislative history of said subparagraph (d) (3) demonstrates that the payment of benefits to those who are about to receive compensation or who are receiving compensation by reason of partial incapacity due to an industrial injury is now restricted to those whose partial incapacity has resulted from the loss of an arm or a leg or some one of the other specific injuries enumerated in § 36, as amended, of the workmen's compensation act. The reason for the change in the employment security act may have been a recognition by the Legislature that the effective administration of the workmen's compensation act and the employment security act required that they should operate independently of each other in their respective fields, without interference by the board charged with the administration of one of these acts with the powers and duties of the board charged with the administration of the other act. The Legislature also recognized that a single exception should be made in the case of a workman suffering partial incapacity due to one of the specific injuries mentioned in said § 36, because in such a case it might be reasonably assumed that the workman would not only suffer a diminution of his earning capacity due directly to his injury but would be further handicapped in securing employment during a period of business depression due to his visible maimed or crippled physical condition and so his inability to earn might in part at least be due to the economic situation. *Sullivan's Case*, 218 Mass. 141, 143. *Percival's Case*, 268 Mass. 50, 54. *Manley's Case*, 282 Mass. 38. *Strycharz's Case*, 291 Mass. 212, 216. In this limited class of cases there is an exception to the general rule that one suffering a partial loss of earning power resulting from an industrial injury is entitled to compensation based upon a proportion of the difference between his average weekly earnings before his injury and what he is able to earn thereafter, G. L. (Ter.

Ed.) c. 152, § 35,[1] and if the actual wages received after the injury have been diminished by reason of economic conditions, the extent that they have been so lessened is to be disregarded in determining his ability to earn subsequent to the accident. The loss in earning capacity must result "directly from the injury and not from a depressed condition of the industry in which the employee had been engaged." *Driscoll's Case*, 243 Mass. 236, 239. *Korobchuk's Case*, 277 Mass. 534, 536. With the exception in favor of those who sustain partial incapacity from one of the specific injuries mentioned in said § 36, one is not entitled to benefits under the employment security act by reason of a disability to earn due to an industrial injury. Compensation for such an injury comes within the exclusive scope of the workmen's compensation act, and the situation of the injured employee in this respect is the same as it was before the enactment of the employment security act. It was said in a workmen's compensation case arising before the enactment of the employment security act that the workmen's compensation "statute contemplates that compensation is to be paid for diminished capacity to earn wages; and the employee, *in common*[2] with others, must bear the loss resulting from business depression." *Capone's Case*, 239 Mass. 331, 333.

Both the workmen's compensation act, designed to relieve hardships experienced by employees injured while engaged in the performance of their work, and the employment security act, aimed at alleviating the harmful consequences to workmen resulting from time of business depression, are different and distinct parts of a general statutory plan adopted by the Legislature for the enhancement of the public welfare. Both acts must be construed as harmonious and consistent parts of this general plan. The distinction between those eligible for compensation and those eligible for benefits must be observed. The restriction

---

[1] See now St. 1946, c. 321, § 3, applying to injuries occurring on or after its effective date.

[2] Italics supplied.

contained in § 25 (d) (3) of the employment security act limiting the payments to injured employees suffering from a partial disability by reason of having sustained one of the injuries specified in G. L. (Ter. Ed.) c. 152, § 36, not only excludes all other injured employees from securing benefits but creates a plain implication that the sole and exclusive remedy for such other injured employees is to be found in the workmen's compensation act. The necessary result of this restriction expressed in the employment security act when that act is construed with the workmen's compensation act, as it must be, is the same as if the compensation act contained an express provision that an employee suffering from partial incapacity due to an industrial injury, other than an injury specified in § 36, shall not be entitled to any compensation or benefits other than those provided for in the workmen's compensation act. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. *Tillson* v. *Springfield*, 258 Mass. 72. *Ketcham* v. *Board of Education of Community Consolidated School District No. 201*, 324 Ill. 314, 317. *Turner* v. *Lewiston*, 135 Maine, 430, 433–434. *Jewish Hospital of Brooklyn* v. *"John Doe,"* 252 App. Div. (N. Y.) 581, 586–587. Sutherland, Statutory Construction (3d. ed.) § 2047. It follows in the instant case that if the employee suffered a loss of earning power between May 12, 1947, and October 16, 1947, due to his low back strain alone or this disability coupled with dull times, he would be entitled to compensation but only in so far as the loss of earning power was due to the injury and in no event would he be entitled to benefits. On the other hand, if he was capable of working at his usual occupation as he represented he was when he applied for and received benefits (§ 24 [b] of the employment security act), he was entitled to benefits but not compensation. He, not having sustained an injury of the kind described in § 36 of the compensation act, cannot have both benefits and compensation at the same time.

It is finally urged by the employee that the benefits received under the employment security act were benefits

within G. L. (Ter. Ed.) c. 152, § 38, and should not be considered in determining his compensation under the workmen's compensation act. This section was recently construed in *Mizrahi's Case*, 320 Mass. 733, in which it was held that payments of compensation received under the Federal compensation act were not benefits within said section, and it was there further held that, having received compensation under the Federal act, the employee was not entitled to compensation under the State act for the same injury. We do not think that benefits received under our employment security act can be brought within this section any more than could payments under the Federal compensation act.

The remaining question is what effect the receipt of benefits by the employee should have upon his right to secure compensation during the time he was receiving benefits. The fund out of which these benefits were paid came from contributions made by his employer together with other employers. The employee paid nothing into this fund. Moreover, the receipt of benefits by employees adversely affects the benefit wage ratio of their employers and their rate of contribution to the employment security fund. The employer is also required at his own expense to procure compensation insurance. Both the benefits and the compensation are charges on industry, but, with the exception covering specific injuries under c. 152, § 36, as amended, it was not intended that industry should be saddled with the double burden of paying benefits and compensation during the same period in which an employee is not earning wages. See *Mizrahi's Case*, 320 Mass. 733, 736–737.

It is the general policy of the law that there cannot be double recovery for the same injury or loss. This policy has been recognized in workmen's compensation cases where the employee has suffered two injuries of a compensable nature and can receive compensation only from the insurer on the risk at the time of the later injury for the incapacity following that injury where there is a causal

Pierce's Case.

connection between that injury and the incapacity, although the incapacity might have been less if he had not suffered the earlier injury. *Blanco's Case*, 308 Mass. 574. *Morin's Case*, 321 Mass. 310. *Rock's Case*, 323 Mass. 428. *Lambert's Case, ante*, 516. This policy of the law is of universal application. See *O'Neil* v. *National Oil Co.* 231 Mass. 20; *Karcher* v. *Burbank*, 303 Mass. 303, 305–306; *Sacchetti* v. *Springer*, 303 Mass. 480; *Arnold* v. *Jacobs*, 316 Mass. 81, 84; *Brockton Savings Bank* v. *Shapiro*, 324 Mass. 678, 684–685.

The employee was not eligible to receive benefits unless he was "capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted." G. L. (Ter. Ed.) c. 151A, § 24 (b), as appearing in St. 1941, c. 685, § 1. He secured the benefits upon his representation that he was able to perform his usual work but that he was away from work because he could not find a job, and he is now attempting to secure payments of compensation on the basis that he was idle because of an industrial accident which prevented him from working. He ought not to be permitted to enforce such inconsistent claims. *Boston* v. *Nielsen*, 305 Mass. 429, 433.

We conclude that the employee, not suffering from a specific injury included in § 36, as amended, of the compensation act, is barred from recovering compensation for the same period during which he was receiving benefits under the employment security act. The report of the case to this court for reasons already stated must be discharged.

*So ordered.*