NEEDHAM HOUSING AUTHORITY *vs.* EUGENE J. VOGEL & others.

Suffolk. May 3, 1955. — June 3, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN. JJ.

*Equity Pleading and Practice, Report.*

A judge of the trial court had no power under G. L. (Ter. Ed.) c. 214, § 31, to report a suit in equity for a declaratory decree to this court "upon the pleadings for the determination of . . . [this court] as to the rights of the parties to be heard in the . . . [trial court], and, if so, to what extent."

BILL IN EQUITY, filed in the Superior Court on December 26, 1952.

A purported report of the suit was by *Donahue, J.*

*Joseph M. Corwin,* for the plaintiff.

*Frederick R. Walsh, (Thomas W. Crosby* with him,) for the defendants.

WILKINS, J. This suit for a declaratory decree is not properly here upon a report of the case "upon the pleadings for the determination of the Supreme Judicial Court as to the rights of the parties to be heard in the Superior Court, and, if so, to what extent." The statutes authorizing a report in an equity case by a justice of the Superior Court are G. L. (Ter. Ed.) c. 214, §§ 30, 31. Section 30, relating to a report of an interlocutory decree or order, is not applicable. Section 31, which applies also to a single justice of the Supreme Judicial Court, provides: "A justice of either court by whom a case is heard for final decree may

reserve and report the evidence and all questions of law therein for the consideration of the full court; and thereupon like proceedings shall be had as upon appeals from final decrees." The construction of this act was plainly stated nearly seventy years ago by Chief Justice Morton in *Taft* v. *Stoddard*, 141 Mass. 150, with reference to an identical provision in a predecessor statute: "The purpose of this provision is to enable the justice to bring the whole case before the full court after it is ready for a final judgment. The report takes the place of an appeal. The provision does not authorize the justice before whom a case is heard to report a part of the case, or to select specific questions of law arising in a case, and reserve them to be determined by the full court, when the determination of such questions will not enable this court to enter or order a final decree disposing of the case." See *Dunlop* v. *Claussen*, 313 Mass. 715, 716–717; *National Development Co.* v. *Gray*, 315 Mass. 127, 128–129; *Pierce's Case*, 325 Mass. 649, 651.

As this is a matter of jurisdiction, we have no alternative to ordering dismissal of the report. We regret that careful study of the record shows that it is not feasible for us to express views upon questions which might arise at a hearing on the merits. But to avoid further delay in disposition of the cause, an order will be made pursuant to G. L. (Ter. Ed.) c. 214, § 32, transferring the cause to the Supreme Judicial Court.

*Report dismissed.*