GEO. T. McLAUTHLIN Co. *vs.* MAY P. FERREIRA & others.

Bristol.   October 6, 1964. — December 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Entry of judgment. *Equity Pleading and Practice,*
Report.

G. L. (Ter. Ed.) c. 231, § 111, does not apply to suits in equity.   [143]
Where an answer to a question reported by a judge of the Superior Court
in a suit in equity, whether certain communications sent in an action
at law in the Superior Court to the clerk thereof were "requests in
writing" as to the entry of judgment within G. L. c. 235, § 1, and Rule
79 of the Superior Court (1954), would not determine whether the
execution in the action should be reformed as sought by the bill in the
equity suit, it was ordered pursuant to G. L. c. 211, § 4A, that the
cause be transferred to the Supreme Judicial Court, and the report was
dismissed.   [143–144]

BILL IN EQUITY filed in the Superior Court on August 14,
1963.

The suit was reported by *Dewing, J.*

*Stuart DeBard* for the plaintiff.

No argument or brief for the defendants.

WILKINS, C.J.   This is a report without decision, pur-
portedly pursuant to G. L. (Ter. Ed.) c. 231, § 111, of a bill
in equity which was heard by a judge of the Superior Court
upon a case stated.   Section 111, however, does not apply
to suits in equity.   G. L. (Ter. Ed.) c. 231, §§ 144, 146.
The applicable statute is G. L. (Ter. Ed.) c. 214, § 31, which
reads, "A justice . . . by whom a case is heard for final
decree may reserve and report the evidence and all ques-
tions of law therein for the consideration of the full court;
and thereupon like proceedings shall be had as upon ap-
peals from final decrees."

This bill in equity arises out of an effort to reform the
execution in a law action numbered 12,293 on the docket of

the Superior Court, Bristol County, brought by Geo. T. McLauthlin Co. (the plaintiff here) against Roger Ferreira (now deceased) and his wife May P. Ferreira (a defendant here). The only question reported is whether in case numbered 12,293 two communications sent to the clerk by the plaintiff were "requests in writing" as to the entry of judgment within G. L. (Ter. Ed.) c. 235, § 1, and Rule 79 of the Superior Court (1954). The answer to this question would not enable us to decide whether there could be an amendment after judgment. See G. L. (Ter. Ed.) c. 231, § 56, upon which the plaintiff relies. Nor do we know whether facts might be found showing a mutual mistake which would permit a reformation of the agreement for judgment to delay the judgment instead of the execution. See *Mates* v. *Penn Mut. Life Ins. Co.* 316 Mass. 303, 306; *Century Plastic Corp.* v. *Tupper Corp.* 333 Mass. 531, 535; *DeVincent Ford Sales, Inc.* v. *First Mass. Corp.* 336 Mass. 448, 452. Compare *Eno* v. *Prime Mfg. Co.* 317 Mass. 646.

In order to prevent further delay in disposition of the cause, an order will be made pursuant to G. L. c. 211, § 4A, inserted by St. 1962, c. 722, § 2, transferring the cause to the Supreme Judicial Court. *Needham Housing Authy.* v. *Vogel,* 332 Mass. 641, 642.

*Report dismissed.*