RAYMOND RIVAL'S CASE.

Hampden.    February 20, 1979. — July 11, 1979.

Present: ARMSTRONG, ROSE, & DREBEN, JJ.

*Workmen's Compensation Act*, Right to compensation, Receipt of employment security benefits. *Employment Security*, Receipt of workmen's compensation. *Statute*, Construction.

Under the provisions of G. L. c. 151A, § 25(*d*), an employee who has incurred an injury specified in c. 152, § 36, and who receives unemployment benefits under c. 151A, may also receive partial incapacity benefits under c. 152, § 35, up to the amount of his average weekly wage prior to the injury. [68-71]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Cross*, J. A question of law was reported by him to the Supreme Judicial Court and was transferred to this court.

*James H. Tourtelotte* for the employee.

*Arthur W. Nichols, Jr.*, for the insurer.

ROSE, J. This case is before us on a report pursuant to G. L. c. 152, § 11, of the following question of law: May an employee who has incurred an injury specified in G. L. c. 152, § 36,[1] and who receives unemployment benefits under c. 151A, also receive partial incapacity benefits under G. L. c. 152, § 35?[2]

The plaintiff lost his right arm in an industrial accident in 1967 and was subsequently employed on a seasonal basis in a job specially created for him. For approximately four months every winter he was laid off from that job due to the seasonal nature of the work and his inability to perform the other work previously assigned to him during the winter months. During those periods of unemployment he received unemployment compensation benefits, which he seeks to supplement with partial incapacity benefits under G. L. c. 152, § 35, up to the amount of his former weekly wage.

Following a conference pursuant to G. L. c. 152, § 7, a single member of the Industrial Accident Board in 1975 ordered the insurer to pay partial incapacity benefits for those periods. At the request of the insurer a hearing was held before another single member in 1976, who ordered payment of benefits for a subsequent period when no unemployment benefits were received but denied the claim for partial incapacity benefits for the periods in

[1] Chapter 152, § 36, provides additional compensation for specified injuries. See *Vouniseas's Case*, 3 Mass. App. Ct. 133, 134 n.3 (1975). Until 1953 all payments under § 36 were required to be made in weekly increments. The section was amended by St. 1953, c. 64, to authorize such payments to be made in a bulk sum. The latter was made the exclusive method of payment by St. 1972, c. 741, § 1, but the present case is governed by the statute as amended through 1966, c. 584. *Id.* at 134 n.1.

[2] Chapter 152, § 35, as amended through St. 1967, c. 482, §§ 3, 6, provides that "[w]hile the incapacity for work resulting from the injury is partial, the insurer shall pay the injured employee a weekly compensation equal to the entire difference between his average weekly wage before the injury and the average weekly wage he is able to earn thereafter," subject to certain specified limits.

question, on the ground that to allow the claim would be to allow "double benefits," contrary to the intent of G. L. c. 151A, § 25(*d*).[3] The reviewing board adopted this single member's decision, with a slight modification not at issue here. The employee appealed, and a Superior Court judge entered judgment affirming the reviewing board's decision and reported the question of law, pursuant to G. L. c. 152, § 11, to the Supreme Judicial Court, which referred the question to this court.

We answer the question reported to us in the affirmative. We conclude that under the provisions of c. 151A, § 25(*d*), because the employee has an injury specified in c. 152, § 36, he is entitled to receive partial incapacity benefits under c. 152, § 35, up to the amount of his average weekly wage prior to the injury for the periods in question. This conclusion accords with the construction given to c. 151A, § 25(*d*), by the court in *Pierce's Case*, 325 Mass. 649, 655-656 (1950).[4] In that case an employee suffered a back strain which precluded him from working for a period of time. He filed a claim for workmen's compensation for that period, during which he was receiving unemployment benefits. The court considered the effect

[3] Chapter 151A, § 25(*d*), as appearing in St. 1951, c. 763, § 9, provides that no unemployment benefits shall be paid to an individual for "[a]ny period with respect to which he is receiving or has received or is about to receive compensation for partial or total disability under [workmen's compensation laws], but not including payments for certain specified injuries under [G. L. c. 152, § 36] . . . ."

[4] The court in *Pierce's Case, supra*, held that the judge who had reported the question whether an employee was entitled to receive workmen's compensation during a period in which he was receiving unemployment benefits was without power, no decree having been entered, to report the case, and the report was discharged. The court, however, elected to address the merits of the case, stating that "we think it appropriate to express our opinion on the merits of this question," since the issues had been fully argued, and since "[a] decision will assist the Industrial Accident Board in the performance of its duties, as this question of law is certain to be presented soon if it is now left without decision. It is an important question and is of general public interest." *Id.* at 653-654.

of c. 151A, § 25(*d*), and concluded that since the employee was not suffering from a specific injury included in c. 152, § 36, he was barred from recovering workmen's compensation for the same period in which he was receiving unemployment benefits. The court reasoned that the Legislature had intended a single exception to be made "in favor of those who sustain partial incapacity from one of the specific injuries mentioned in said § 36," and stated that payment of unemployment benefits to those "who are receiving compensation by reason of partial incapacity due to an industrial injury is now restricted to those whose partial incapacity has resulted from the loss of an arm or a leg or some one of the other specific injuries enumerated in § 36 . . . ." *Pierce's Case, supra* at 655, 656.

The insurer contends that the construction given to c. 151A, § 25(*d*), in *Pierce's Case* was contrary to the intent of the statute, which, the insurer argues, was to permit only payments made under c. 152, § 36, and not other payments for injuries specified in § 36, to be received at the same time as unemployment benefits. We note, however, that the Legislature has amended c. 151A, § 25, numerous times since the opinion in *Pierce* was issued in 1950, but has left the portion of § 25(*d*) construed in *Pierce* unchanged. It must be presumed, therefore, that the Legislature has adopted the construction of the statute given it in *Pierce's Case. Commonwealth* v. *Hartnett*, 3 Gray 450, 451 (1855). *Commonwealth* v. *Benoit*, 346 Mass. 294, 297 (1963). See also *Illinois Brick Co.* v. *Illinois*, 431 U.S. 720, 736 (1977), in which the court stated, "[W]e must bear in mind that considerations of *stare decisis* weigh heavily in the area of statutory construction, where Congress is free to change this Court's interpretation of its legislation." See generally 2A Sands, Sutherland Statutory Construction § 49.05, at 30 (4th ed. Supp. 1979). The fact that G. L. c. 152, § 36, has been amended to include many more types of injuries does not render the court's construction in *Pierce* invalid, since it was c. 151A, § 25(*d*), and not c. 152, § 36, which the court construed in *Pierce.*

The allowance of the employee's claim for partial in-
capacity benefits will not result in the payment of "dou-
ble benefits." In *Pierce's Case supra* at 655-656, the court
commented that the Legislature apparently intended to
create two separate systems through workmen's compen-
sation and unemployment benefits, the first to compen-
sate for loss in earning capacity due to industrial injury
and the second for unemployment due to depressed busi-
ness conditions. The Legislature, however, in c. 151A,
§ 25(*d*), as an exception to the general rule, permitted a
person incapacitated by an injury specified in c. 152, § 36,
to receive both partial incapacity benefits and unemploy-
ment benefits, apparently because of a recognition that
"in such a case it might reasonably be assumed that the
workman would not only suffer a diminution of his earn-
ing capacity due directly to his injury but would be fur-
ther handicapped in securing employment during a pe-
riod of business depression due to his visible maimed or
handicapped condition . . . ." *Id.* at 655. Noting the excep-
tion made for employees "suffering from a specific injury
included in § 36," one writer has stated that the exception
"does not result in the employee receiving a combined
payment in excess of his average weekly wage when gain-
fully employed, as the board will usually set the em-
ployee's earning capacity at an amount equal to or above
the unemployment benefit. Then his compensation for
partial incapacity is based on the difference between such
earning capacity and his former average weekly wage, as
provided in [G. L. c. 152,] § 35." Locke, Workmen's Com-
pensation § 616, at 731-732 (1968). See generally 2 Lar-
son, Workmen's Compensation § 57.65 (1976); 4 *id.*
§ 97.20 (1979).

Here the employee worked in a job specially created for
him because of his injury, and his unemployment during
the winter months was due to the seasonal nature of that
job and also to the fact that he was unable, as a result of
his handicap, to perform the other types of work that he
had previously done during those months. The combina-

tion of unemployment benefits supplemented by partial incapacity benefits will merely bring his income up to the level of his "average weekly wage before the injury" (G. L. c. 152, § 35) in compensation of the loss he suffered as a result of that injury, and in no way involves a duplication of any payments to him.

The question is answered in the affirmative, and the judgment is reversed in so far as it affirms the reviewing board's denial of the claim for partial incapacity payments. Judgment is to be entered in accordance with the principles enunciated in this opinion.

*So ordered.*