RAYMOND RIVAL'S CASE.

Hampden. January 5, 1981. — March 13, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Workmen's Compensation Act*, Counsel fees. *Attorney at Law*, Compensation.

There was no authority in the various provisions of G. L. c. 152, the Workmen's Compensation Act, for an award of counsel fees to a claimant who did not prevail in workmen's compensation proceedings before the single member or the reviewing board, nor in his appeal to the Superior Court, but who was successful in the Appeals Court. [174-177]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

After a motion for counsel fees was considered in the Appeals Court, the employee sought review in the Supreme Judicial Court.

*James H. Tourtelotte* for the employee.

*Arthur W. Nichols, Jr.,* for the insurer.

WILKINS, J. The employee was successful before the Appeals Court in obtaining a decision that he was entitled to workmen's compensation benefits that had been denied him by decisions of a single member and the reviewing board of the Industrial Accident Board. *Rival's Case,* 8 Mass. App. Ct. 66 (1979). We denied the insurer's application for further appellate review. *Rival's Case,* 379 Mass. 925 (1979). Thereafter, the employee moved in the Appeals Court for the award of counsel fees, and that court denied the motion.[1] The employee sought further appellate review

---

[1] The order in substantive part read as follows:
"The motion filed by the Appellant in accordance with G. L. c. 152, §§ 10, 11A and 12A, for counsel fees and expenses has been considered by

here, and we granted his request. We affirm the order denying the employee's motion for the allowance of counsel fees and expenses.[2]

The underlying dispute between the employee and the insurer concerning compensation is not important to the resolution of the question before us. The issue is whether the employee is entitled to counsel fees when, on his appeal, he is successful in reversing the decision of the single member and the reviewing board. The parties agree that, if counsel fees may be awarded, a court's authority to make such an award must be found in the statutes of the Commonwealth concerning counsel fees in workmen's compensation matters. See *Royal's Case,* 286 Mass. 374, 378 (1934).

We set forth the factual background. In March, 1975, a conference was held pursuant to G. L. c. 152, § 7, before a single member. Such a conference is not a full evidentiary hearing. The single member directed the award of partial compensation, and partial compensation was paid. The insurer requested a hearing, and, in July, 1976, a different single member ruled that the employee was not entitled to compensation. Each party appealed to the reviewing

the panel. There being no authorization in the applicable statutory provisions for an award of counsel fees in a case in which the claimant did not prevail in workmen's compensation proceedings before the single member, the reviewing board, and the Superior Court, and in which the claimant, and not the insurer, took the appeal to the Superior Court, it is ordered that the said motion be and it hereby is denied."

[2] The insurer did not challenge the employee's right to seek further appellate review of the Appeals Court's denial of the employee's motion for counsel fees. Nor does the insurer argue here that this court has no jurisdiction to consider the matter. The rescript following the Appeals Court opinion had been issued (October 2, 1979) by the time the employee's motion was filed in that court (November 15, 1979). If our authority under statute (G. L. c. 211A, § 11) and court rule (Mass. R. A. P. 27.1, as amended, 367 Mass. 922 [1975]) does not extend to granting further review of such an order, our authority under G. L. c. 211, § 4A, to transfer such a matter here from a lower court justifies our consideration of the propriety of the denial of the employee's motion.

board.[3]  The reviewing board confirmed the single member's decision that the employee was not entitled to workmen's compensation benefits.  The employee appealed to the Superior Court; a judge of the Superior Court affirmed the board's decision and reported a question to this court. We transferred the matter to the Appeals Court, to which the report should have been made, despite the reference in G. L. c. 152, § 11, to a report to this court.  See Mass. R. Civ. P. 64, 365 Mass. 831 (1974).  As we have said, the Appeals Court answered the question in the employee's favor and reversed the judgment of the Superior Court in the insurer's favor. *Rival's Case*, 8 Mass. App. Ct. at 71.

We first analyze the provisions of the Workmen's Compensation Act, G. L. c. 152, concerning the award of counsel fees to an employee.  The employee concedes that literally these statutes do not allow the award of counsel fees in this case.  He argues, however, that such a result is patently inequitable.

After the employee was awarded compensation under § 7, the insurer requested a hearing before a single member. Section 12A, which is set forth in the margin,[4] provides that in any hearing requested by an insurer aggrieved by a § 7 order and in any proceeding brought by an insurer as to the continuance of compensation, if the employee prevails, the employee is to be awarded the reasonable cost of the hearing or proceeding, including reasonable counsel fees.  Section 12A is directed only at the employee's costs "of such hearing or proceeding" before the single member and not to

---

[3] The insurer's appeal was from a finding that the employee was totally and permanently disabled.  The reviewing board struck that finding. The insurer's successful appeal on this point has no bearing on the issue before us.

[4] General Laws c. 152, § 12A, as appearing in St. 1972, c. 742, § 6, states: "In any hearing requested by an insurer aggrieved by an order filed under section seven or in any proceeding brought by an insurer as to the continuance of compensation being paid under this chapter, there shall be awarded an amount sufficient to compensate the employee for the reasonable costs of such hearing or proceeding, including reasonable counsel fees, provided the employee prevails at such hearing or proceedings."

the costs of any appeal that may follow. This section, more-over, has no application literally to the case before us be-cause the employee did not prevail at the hearing or the pro-ceeding.

The employee then filed a claim for review by the review-ing board. Section 10, as amended through St. 1972, c. 742, § 4, and St. 1978, c. 348, § 1, provides that "[i]f a claim for a review is filed in any case and the board by its decision orders the insurer to make, or to continue, pay-ments to the injured employee or claimant, the cost to the injured employee of such review, including therein reasona-ble counsel fees, shall be determined by the board and shall be paid by the insurer." Section 10 on its face provides no assistance to the employee in this case because the reviewing board decided against the employee, denying compensa-tion.

The employee then sought review in the Superior Court. Section 11A provides in part that, if an insurer appeals to the Superior Court and the claimant prevails, that court and any appellate court must allow him necessary expenses, including the reasonable cost of attorney's fees. Again, § 11A offers the employee here no assistance according to its literal provisions because the employee, not the insurer, ap-pealed to the Superior Court. There is no way by which § 11A's literal provisions concerning the award of counsel fees could be satisfied in a case in which the employee ap-pealed, despite the argument to the contrary found in L. Locke, Workmen's Compensation § 641, at 758 (1968). Finally, § 11, as amended through St. 1978, c. 478, § 80, provides for the awarding of costs to the prevailing party "to be taxed as in actions at law" in an appeal to the Superior Court. Reasonable counsel fees are not taxable costs "in ac-tions at law," barring specific statutory direction to the con-trary. See *C.J. Hogan, Inc.* v. *Atlantic Corp.*, 332 Mass. 322, 327 (1955).

From this review, it is clear that the Legislature intended to award counsel fees to an employee who had obtained an order for compensation under § 7 if he prevailed in a hear-

ing before the single member or before the reviewing board or if, on an insurer's appeal to court, the employee were successful. The Legislature has not provided, however, for the award of reasonable counsel fees in a case in which an employee loses before the board and appeals to court, even if he wins in court. The statutory pattern tends to discourage parties from seeking judicial review of a board decision. An employee who appeals a decision adverse to him obtains no award of counsel fees, even if he prevails on appeal. An insurer (or self-insurer) will be obliged to pay an employee's counsel fees if the insurer appeals and loses. Although the statutory scheme is not without reason, it does mean that an employee who persists against adversity before the board and who ultimately, after considerable expense, prevails in court, obtains no award of counsel fees (see L. Locke, Workmen's Compensation § 641, at 758 [1968]), whereas an employee who is fortunate enough to win early in his contest with the insurer and who preserves his success on the insurer's appeal will be awarded counsel fees.

The employee argues that the failure to award counsel fees is particularly inappropriate when he has obtained a favorable order under § 7, then loses his compensation as the result of a decision of the single member or the reviewing board, and finally wins on his appeal to court. He points to the provision in § 7 that obliges him to pay back the amounts paid to him pursuant to the § 7 order.[5] Since he may have already used the funds to support himself, the incentive to persist in his claim is strong. This risk is, of course, one the employee must take when he seeks and obtains a § 7 order.

However commendable it might be to reward persistence leading to ultimate success on an issue affecting numerous similarly situated claimants, the judgment whether to allow counsel fees is a legislative one. The Legislature has exer-

---

[5] Section 7 states that the State Treasurer shall reimburse the insurer for amounts paid pursuant to a § 7 order which is later found to be erroneous, and the employee shall reimburse the State Treasurer.

cised its judgment concerning the award of counsel fees at various stages of workmen's compensation litigation, and we see no justification for substituting our own views on the subject. Nor do we perceive any general legislative purpose which would warrant stretching the various statutes beyond their stated terms.

The order of the Appeals Court denying the employee's motion for counsel fees and expenses is affirmed.

*So ordered.*