### ANGELO CALHETA'S CASE.

Suffolk. April 22, 1982. — September 28, 1982.

Present: BROWN, PERRETTA, & KASS, JJ.

*Workmen's Compensation Act,* Subsequent injury.

Where an employee returned to work in 1978 following an injury in 1973
for which he had received worker's compensation benefits, and was
thereafter forced to leave work as a result of the 1973 injury but not as
a result of any deterioration in his condition occurring after he re-
turned to work, he was not entitled under G. L. c. 152, § 35B, to
worker's compensation benefits at the rate in effect in 1978. [464-466]

CERTIFICATION to the Superior Court Department of a
decision by the Industrial Accident Board.

The case was heard by *Goldblatt,* J., a District Court
judge sitting under statutory authority.

*Thomas P. Crotty* for the self-insurer.

*Rosalind Poll Brooker* for the employee.

PERRETTA, J. Upon the employee's appeal from the deci-
sion of the reviewing board of the Industrial Accident Board
denying him compensation at the higher rate provided by
G. L. c. 152, § 35B, the trial judge ruled in favor of the
employee. The self-insurer appeals.

The employee and the self-insurer presented a statement
of agreed facts to the single member which recited the
following events. On March 13, 1973, the employee sus-
tained a back injury while he was hand-trucking cakes of
metal onto a conveyor. He received compensation benefits
from the self-insurer. The employee returned to work on
March 13, 1978, as an "order chaser." This position in-
volved no physical exertion, but it was abolished eight
months later. The employee was laid off from work and re-
ceived compensation at the 1973 rate. The self-insurer

called the employee back to work as a janitor on December 4, 1978, but after working in that capacity for three hours, the employee stated he could not continue because of his back condition and left. It was further agreed by the parties that "[t]he [e]mployee makes no claim of aggravation of a preexisting condition or a new injury." The single member, whose findings were affirmed and adopted by the reviewing board, found that based upon the foregoing facts "there was no incident of a recurrence of the employee's back injury, and there was no aggravation of the preexisting condition or new injury."

The employee contends that he is entitled to receive compensation at the rate in effect on December 4, 1978, as he suffered a subsequent period of incapacity or disability because of his 1973 injury. At least two months subsequent to his return to work on March 13, 1978, the employee left "because of his back injury" sustained in 1973. The essence of the employee's claim is that he was required to leave work not because he experienced a change in his condition subsequent to March 13, 1978, see *Don Francisco's Case, ante* 456 (1982), but because he could not do heavy labor after his 1973 injury. The employee's present unemployment is a result of both his prior injury and economic conditions, i.e., the abolishment of the "order-chaser" position. While we have liberally construed § 35B, *Don Francisco's Case, supra,* we cannot extend it beyond its reasonable import, see *Johnson's Case,* 318 Mass. 741, 746-747 (1945), so as to sweep within its embrace current unemployment due to a prior injury which has caused the employee no further compensable harm within the specialized meaning of those words. See *Fitzgibbons's Case,* 374 Mass. 633, 637 (1978); *Zerofski's Case,* 385 Mass. 590, 594-595 (1982). See generally 2 Larson, Workmen's Compensation Law § 57.63 (1981). The employee is, thus, entitled to compensation at the rate in effect on March 13, 1973.

The sole issue brought before the board by the employee was the applicability of § 35B to his claim. As he stated with commendable candor in his brief presented to us: "The

[e]mployee could easily have claimed to have 'injured' his back on the morning of December 4, 1978, as after three hours of attempted stooping and lifting, his 'recurring' pain prevented him from continuing. He chose to go before the [b]oard for a straight-forward interpretation of [s]ection 35B." There is no need to remand this case to the board. Compare *Czarniak's Case, post* 467 (1982). See *Zerofski's Case,* 385 Mass. at 596.

For the reasons set out in *Rival's Case,* 383 Mass. 172 (1981), decided three weeks prior to the entry of the instant judgment, the employee was not entitled to an award of counsel fees.

*Judgment reversed.*

*Judgment for the self-insurer.*