ASSOCIATED INDUSTRIES OF MASSACHUSETTS MUTUAL
INSURANCE COMPANY *vs.* SHAWN HOUGH.

No. 12-P-1927.

Middlesex. September 10, 2013. - November 19, 2013.

Present: RAPOZA, C.J., WOLOHOJIAN, & MILKEY, JJ.

*Workers' Compensation Act,* Attorney's fees. *Practice, Civil,* Attorney's fees.

A defendant employee who prevailed in a civil action brought against him in
the Superior Court by an insurer seeking to recoup excess workers'
compensation benefits the insurer had paid to him was not entitled to an
award of attorney's fees, where, although the employee would have been
entitled to such an award under G. L. c. 152, § 13A(5), had the insurer
opted to pursue recoupment administratively by filing a complaint with the
Department of Industrial Accidents, no statutory language confers fees on
employees who prevail in recoupment actions brought in Superior Court.
[532-535]

CIVIL ACTION commenced in the Superior Court Department on
July 21, 2008.

A motion for attorney's fees and costs was heard by *S. Jane
Haggerty,* J.

*Teresa Brooks Benoit* for the defendant.

*Holly B. Anderson* for the plaintiff.

MILKEY, J. Pursuant to G. L. c. 152, § 11D(3), an insurer
brought an action in Superior Court against Shawn Hough,
seeking to recoup excess workers' compensation benefits it had
paid to him. Hough successfully defended against that action,
and the sole question raised by this appeal is whether he is
thereby entitled to attorney's fees. Because we agree with the
Superior Court judge that the answer is "no," we affirm.

*Background.* Hough was employed by Athol Table, LLC.
Based on a 2002 workplace incident, Hough sought workers'
compensation benefits. By decision dated September 29, 2006,

an administrative judge of the Department of Industrial Accidents (DIA) ultimately ruled in favor of the employer's insurer, Associated Industries of Massachusetts Mutual Insurance Company (insurer). Although the administrative judge determined that Hough suffered from a permanent disability, she concluded that he failed to demonstrate that his disability was causally related to the 2002 incident. Hough initially pursued, but then abandoned, an appeal. Accordingly, the correctness of the administrative judge's decision is not before us.

Subsequent to the administrative judge's decision, the insurer filed an action in Superior Court pursuant to G. L. c. 152, § 11D(3), seeking to recoup the partial incapacity benefits that it had been ordered to pay by an earlier conference order. After trial, a Superior Court judge allowed Hough's motion for a required finding based on his inability to pay. The insurer does not challenge that ruling; in fact, the insurer acknowledged Hough's inability to pay after the close of evidence.

Having successfully defended against the recoupment action, Hough argued that he was entitled to attorney's fees. Unable to identify a statute that expressly authorizes fee shifting in this specific context, Hough relied "by analogy" on various fee-shifting provisions set forth in the workers' compensation act, G. L. c. 152 (act).[1] Discerning no statutory basis for awarding fees, the judge denied Hough's request. Hough timely appealed.

*Discussion.* "Our traditional and usual approach to the award of attorney's fees for litigation has been to follow the 'American Rule': in the absence of statute, or court rule, we do not allow successful litigants to recover their attorney's fees and expenses." *John T. Callahan & Sons* v. *Worcester Ins. Co.*, 453 Mass. 447, 449 (2009). Even in the limited circumstances where exceptions to the American Rule have been recognized, they are narrowly construed. See *Wilkinson* v. *Citation Ins. Co.*, 447 Mass. 663, 669 (2006) (limiting circumstances under which insured party can recover attorney's fees in litigation against its insurer). Because the act expressly addresses fee shifting in a

---

[1]Hough also asserted that his economic circumstances were so obviously dire that the insurer's recoupment action was frivolous. On this basis, he initially argued that he was entitled to fees pursuant to G. L. c. 231, § 6F. Hough has since abandoned that argument.

variety of circumstances, we begin our analysis there. See generally *Rotondi* v. *Contributory Retirement Appeal Bd.*, 463 Mass. 644, 648 (2012), quoting from *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977) (recognizing that statutory language is "the principal source of insight into the legislative purpose").

Section 11D(3) of the act governs the procedure by which an insurer can pursue recoupment of excess benefits it paid pursuant to a conference order. Where, as here, the insurer cannot recover overpayments by unilaterally reducing the employee's ongoing benefits, the statute allows the insurer to pursue either of two procedural routes. Under the first, the insurer can seek recoupment administratively by filing a complaint with the DIA pursuant to G. L. c. 152, § 10. See G. L. c. 152, § 11D(3). Under the second, the insurer can file a complaint directly in Superior Court. *Ibid.* See *Home Depot* v. *Kardas*, 81 Mass. App. Ct. 27, 31 (2011) (recognizing that, in addition to being able to pursue recoupment administratively, insurer is "entitled under G. L. c. 152, § 11D, to bring an action directly in the Superior Court to obtain an order of recoupment"). In this case, the insurer sought recoupment via the latter route.[2]

Both parties acknowledge that Hough would have been entitled to attorney's fees if the insurer had opted to pursue recoupment through the administrative path and was met with the same lack of success. That is because, by specific statutory provision, employees who prevail in a hearing before the DIA are entitled to a presumptive fee award of $3,500 plus necessary expenses (with the administrative judge authorized to adjust the fee upwards or downwards depending on the circumstances). G. L. c. 152, § 13A(5).[3] As Hough all but concedes, the particular

---

[2]A prerequisite to either path is a ruling from an administrative judge or court "which indicates that overpayments have been made." G. L. c. 152, § 11D(3), inserted by St. 1991, c. 398, § 32. In his brief, Hough argued — based on the doctrine of primary jurisdiction — that an insurer cannot pursue a recoupment action in Superior Court until the DIA has itself fully resolved whether recoupment is appropriate and, if so, how much. At oral argument, Hough abandoned this argument.

[3]Section 13A(5), as amended by St. 1991, c. 398, § 35, is not specific to recoupment actions but applies more generally. Its full text reads:

"Whenever an insurer files a complaint or contests a claim for benefits

language used in § 13A(5) indicates that its applicability is limited to administrative proceedings. For example, the events that trigger a fee award are tied to "a hearing pursuant to section eleven," and the amount of the fee award is to be set by the "administrative judge." There is no language in § 13A(5), or anywhere else in the act, that confers fees on employees who prevail in recoupment actions brought in Superior Court.[4]

Thus, under the terms of the act, employees are expressly entitled to a fee award when they successfully defend a recoupment proceeding that the insurer initiated before the DIA, but there is no such entitlement when the insurer unsuccessfully sought recoupment directly in Superior Court.[5] According to Hough, this incongruity makes no sense. In addition, Hough

and then either (i) accepts the employee's claim or withdraws its own complaint within five days of the date set for a hearing pursuant to section eleven; or (ii) the employee prevails at such hearing the insurer shall pay a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses. An administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."

[4]The other fee-shifting section cited by Hough, G. L. c. 152, § 12A, is plainly inapplicable. By its terms, the first sentence of § 12A awards fees to an employee who prevails in an appellate proceeding, not in an action before the Superior Court. Likewise, the second sentence of § 12A awards fees to a party that prevails in a Superior Court action taken pursuant to § 12 to enforce an administrative order. That sentence has no application here, because Hough was not seeking to enforce an administrative order. However, the sentence does underscore the Legislature's ability to provide for an award of fees in Superior Court when it chooses to do so. See G. L. c. 152, § 12(1), (3) (setting forth cost-shifting mechanism for enforcement of DIA orders).

[5]This incongruity can be traced to the 1991 amendments to the act. Immediately prior to these amendments, there was no statutory provision that specifically addressed recoupment. However, the DIA entertained recoupment requests through its catch-all authority to hear administrative complaints "requesting resolution of any other issue arising under this chapter." G. L. c. 152, § 10, as amended by St. 1987, c. 691, § 5. See *Pedro's Case*, 3 Mass. Workers' Comp. Rep. 76 (1989). Although there was no attorney's fee provision specific to recoupment actions, § 13A(5), then, as now, generally allowed fee shifting when insurers unsuccessfully pursued administrative complaints. By inserting § 11D, the 1991 amendments both gave insurers the right to file recoupment actions in court, and specifically codified their already recognized right to pursue recoupment administratively. There were no corresponding new fee-shifting provisions inserted. See St. 1991, c. 398, § 32. Neither party has presented us with legislative history that sheds light on such changes.

maintains that as a practical matter, those who face recoupment actions are able to secure legal representation only because of the prospect that they will obtain attorney's fees if they prevail. Therefore, according to Hough, the unavailability of fee shifting in Superior Court recoupment actions would leave most defendants in those actions unrepresented.

We recognize that there is at least some force to such arguments. In the end, however, "[i]t is not the province of this court to 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.' " *Provencal* v. *Commonwealth Health Ins. Connector Authy.*, 456 Mass. 506, 516 (2010), quoting from *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999). In fact, the Supreme Judicial Court has previously applied this general principle in circumstances closely analogous to those of the present case. See *Rival's Case*, 383 Mass. 172, 173-176 (1981). In *Rival's Case*, the question was whether an employee who prevailed in his workers' compensation appeal, after having lost at earlier stages, was entitled to attorney's fees. *Id.* at 173-174. The act at the time allowed a prevailing employee an attorney's fees award on appeal only when the appeal was initiated by the insurer, not when the employee had to initiate his own appeal. *Id.* at 175-176. While recognizing that this hole in the statute may have been inadvertent and that it had anomalous policy consequences, the court upheld the denial of fees, observing that the "Legislature has exercised its judgment concerning the award of counsel fees at various stages of workmen's compensation litigation, and we see no justification for substituting our own views on the subject." *Id.* at 176-177. Here, as in *Rival's Case*, "the judgment whether to allow counsel fees is a legislative one." *Id.* at 176. Of course, to the extent that the act reflects an inadvertent omission, the Legislature remains free to correct it.[6]

*Conclusion.* Because no provision of G. L. c. 152 authorizes an award of attorney's fees for an employee who prevails in a

---

[6]In 1985, the Legislature in fact addressed the problem identified in *Rival's Case, supra.* Under the revision, prevailing employees are now entitled to attorney's fees in appellate proceedings no matter which party initiates the appeal. See G. L. c. 152, § 12A, as amended by St. 1985, c. 572, § 27.

recoupment action filed in Superior Court, we affirm the order of the Superior Court judge denying Hough's request for attorney's fees.

*So ordered.*