MARY T. ENO, administratrix, *vs.* PRIME MANUFACTURING
COMPANY & others.

Suffolk. December 5, 1944. — February 6, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Contract,* Construction, Reformation. *Mistake. Equity Jurisdiction,*
Reformation, Mistake.

A stipulation between the parties to a suit in equity involving a claim
for breach of contract, that the plaintiff should be paid from a fund
a certain amount if the final decree after rescript "orders the de-
fendant to pay to the plaintiff any sum," was unambiguous and did
not entitle the plaintiff to such payment from the fund where the sub-
sequent final decision by this court in the suit was that the plaintiff
had failed to prove any substantial damages resulting from a breach
of the contract by the defendant and was not entitled to nominal
damages and that the bill should be dismissed; the stipulation did
not mean that the plaintiff would be entitled to payment from the
fund merely if it should be determined in the suit that the contract
was valid and that there had been a breach thereof by the defendant.

After a final decision by this court in a suit in equity that the defendant
had broken a contract with the plaintiff but that the plaintiff was not
entitled to damages for the breach and that the bill should be dis-
missed, a stipulation previously made by the attorneys for the parties,
that the plaintiff should be paid from a fund a certain amount if the
final decree after rescript "orders the defendant to pay to the plaintiff
any sum," was not to be reformed on the ground of mistake so as to
provide for payment from the fund to the plaintiff merely in the
event of a decision by this court in the suit that there had been a
breach of the contract, where it appeared that neither attorney was
mistaken as to the plain effect of the language of the stipulation as
making payment to the plaintiff from the fund dependent on an award
of damages in the suit and that that language had been proposed by
the plaintiff's attorney and accepted by the defendant's attorney as
the best "way to express the event of payment" after the plaintiff's
attorney had said to the defendant's attorney that "if there is liability
under the contract, there is bound to be damages anyway."

BILL IN EQUITY, filed in the Superior Court with a writ
of summons and attachment dated December 22, 1943.

The suit was heard by *Warner,* J.

*E. Burke,* for the plaintiff.

*D. P. Ranney,* for the defendants.

WILKINS, J.    This bill in equity is to recover certain sums alleged to be due under a stipulation executed by the plaintiff and the corporate defendant through attorneys pending decision in *Eno* v. *Prime Manuf. Co.* 314 Mass. 686, and, if necessary, to reform the stipulation by reason of mistake.    The judge made a report of "the material facts found by him."    G. L. (Ter. Ed.) c. 214, § 23.    A final decree was entered dismissing the bill of complaint, and the plaintiff appealed.    There is no report of testimony.

1. The first question is the construction of the stipulation, which on July 28, 1941, was filed in the Superior Court in the original suit following a decision there in favor of the plaintiff on July 2, 1941.    The judge in the present suit found that in place of an injunction in the original suit against the defendant company (hereinafter called the defendant), the parties through their attorneys provided for depositing in an "impounding fund" in a bank monthly payments by the defendant based on its profits for the period beginning July 1, 1941, and ending with the final decree, derived from tape or materials furnished to its customers through the use of the so called "Eno Process" for making ribbed insoles.    The impounding fund had originally been created by an agreement of February 26, 1941, between the attorneys, which provided that the defendant "will at all times hold the credits in such account as trustee for the benefit of the plaintiff and of the defendant pending and subject to the terms of such order as the court may enter in this action for the payment of money by the defendant to the plaintiff."    The stipulation of July 28, 1941, provided that out of the impounding fund the plaintiff was to receive monthly payments and in addition (paragraph 5B) an amount was to be "paid to the plaintiff upon the entry of a final decree after rescript . . . if such final decree orders the defendant to pay to the plaintiff any sum for the use of the said process for any period after May 16, 1940."    This court on appeal held that the plaintiff had "failed to show that any actual damages were sustained by her on account of the defendant's breach of the contract of May 26, 1933, involved in the original suit," that nominal

damages would not be awarded for breach of contract where no grounds for equitable relief were shown, and that the decree for the plaintiff should be reversed and a decree entered dismissing the bill of complaint. *Eno* v. *Prime Manuf. Co.* 314 Mass. 686, 702. The plaintiff contends that the stipulation should be construed to mean that payment was to be made to the plaintiff "if it should be ruled that the contract of May 26, 1933, was valid and binding on the defendant and that it was a breach of said contract for the defendant Prime Manufacturing Company to use the process during the period in question," May 16, 1940, to July 1, 1941. We agree with the judge in rejecting this construction. We think that the stipulation is clear and, both on its face and as applied to the circumstances, is unambiguous.

2. The question remains whether the stipulation should be reformed. The plaintiff contends that "the parties were acting under a mutual mistake as to the legal effect of the language in the stipulation with a result on the face of the stipulation not intended or directed by either of the parties," and in the alternative that "at the time of the execution of said stipulation the defendant Prime Manufacturing Company knew that the wording of paragraph 5B did not accurately express the intention of the plaintiff as to the terms to be embodied therein, and that the defendant Prime Manufacturing Company knew that it was the intention of the plaintiff to have the stipulation provide that the prospective accumulation of the fund provided for in paragraph 5B would be paid over to the plaintiff if it were ruled by the court that the contract of May 26, 1933, was valid and binding upon the defendant and that it was a breach of said contract for the defendant Prime Manufacturing Company to use the process during the period in question."

Where there is a report of material facts under the statute and no report of the evidence, no findings are to be implied from the entry of the decree, and the facts expressly found are to be taken as true unless mutually contradictory or plainly wrong on the face of the report or at variance with the pleadings, but we may draw our own inferences.

*Thompson* v. *Thompson*, 312 Mass. 245, 246. *Matter of Loeb*, 315 Mass. 191, 195. *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135. The question is whether, on the findings viewed in the light of the foregoing, the decree was rightly entered. *Wiley* v. *Fuller*, 310 Mass. 597, 599. *Turner* v. *Morson*, 316 Mass. 678.

The material findings were: "The stipulation, though signed by the parties, was made by their attorneys. . . . The intention of the parties was the intention of their attorneys. . . . In a final conversation between the plaintiff's attorney and the defendant's attorney, resulting in adoption of the stipulation, which had been drafted by the plaintiff's attorney in words of his own choice, the plaintiff's attorney said to the defendant's attorney . . . 'if there is liability under the contract, there is bound to be damages anyway,' and that he didn't 'know any better way to express' the event of payment than as phrased. The defendant's attorney made no comment, except to say that he didn't. . . . The court deems that there was no mutual mistake as to what the legal effect of the phrase would be. The phrase is precise. It is not ambiguous. The language was the plaintiff's attorney's. The defendant's attorney accepted it. There could be no mistake as to what its legal effect would be; namely, the effect of making the payment of the impounding fund contingent upon the plaintiff's receiving an award of damages for any period after May 16, 1940. If an award had been made, it would have had such legal effect. At that time, neither knew whether there would or would not be an award. Whether or not the defendant's attorney had agreed that, as matter of law or of fact, there 'was bound to be damages, if there was liability,' there was, however, no mistake upon the part of the defendant's attorney as to what the legal effect of the phrase would be. It had to have the legal effect that it stipulated. This court deems itself unable to construe the phrase in any other manner than as written, and unable to transmute it into a phrase providing for payment in event of liability. It seems to the court that the alleged mistake as to the legal effect of the phrase is confused with the mis-

take (that is, the mistake of assuming that 'if there was liability there would be damage') as to the circumstance in which it was to have legal effect. . . . From the conversations between the attorneys, defendant's attorney was well aware that the predicate of plaintiff's attorney's use of the language in 5B, ('if the decree orders defendant to pay to the plaintiff any sum for use of the process') was the liability of the defendant. . . . However, the court conceives the law, applicable to such type of case, disenables reformation. Otherwise the court would have ordered reformation.''

"The law is settled that equity will not reform a document on the ground of mutual mistake where it expresses, in language deliberately chosen, the meaning which one of the parties intended it to convey." *Levin* v. *Bernstein,* 269 Mass. 542, 543. "If one of the parties understood the agreement to be substantially as written, the other party will not be entitled to relief on the ground of mistake." *Barrell* v. *Britton,* 252 Mass. 504, 508. See *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 400–401; *Perkins's Case,* 278 Mass. 294, 301; *Ritson* v. *Atlas Assurance Co. Ltd.* 279 Mass. 385, 390; *Fireman's Fund Ins. Co.* v. *Shapiro,* 286 Mass. 577, 582; *Franz* v. *Franz,* 308 Mass. 262, 266–267. This court has recently said, "A mistake made by one party to the knowledge of the other is equivalent to a mutual mistake. Am. Law Inst. Restatement: Contracts, § 505. Williston, Contracts (Rev. ed. 1937) § 1548." *Mates* v. *Penn Mutual Life Ins. Co.* 316 Mass. 303, 306. See *Richardson* v. *Adams,* 171 Mass. 447, 449; *Coolidge* v. *Loring,* 235 Mass. 220, 224; *Perkins's Case,* 278 Mass. 294, 301; *Kidder* v. *Greenman,* 283 Mass. 601, 613–614.

On the judge's findings there was no "mutual mistake as to the legal effect of the language." He expressly found that there was no such mistake on the part of the defendant's attorney. On the findings there was likewise no such mistake by the plaintiff's attorney. At most there was an error in a matter of prophecy or forecast involving an assumption that there would be an award of damages as a necessary part of a decision in the plaintiff's favor. The

"final conversation" between the attorneys shows that
there was taken a risk, which was known and discussed,
that in the event the plaintiff should prevail on the issue
of liability, she would also prevail on the issue of damages
and would obtain a decree for the payment of money.
See *Aldrich* v. *Travelers Ins. Co.*, *ante*, 86. By the stip-
ulation the plaintiff, who thereby agreed not to use the
process during the stipulated period, received in return
monthly payments and in the agreed contingency a liqui-
dation of damages which might otherwise be uncertain.
The judge's statement that from "the conversations"
between the attorneys the defendant's attorney knew
that "the predicate of plaintiff's attorney's use of the
language in 5B . . . was the liability of the defendant"
does not impair the force of his other findings. This is
another way of saying that with the knowledge of the
defendant's attorney the plaintiff's attorney, taking for
granted that event number two would inevitably follow
event number one, selected event number two as the oc-
currence upon which payment would turn. Compare
*Winston* v. *Pittsfield*, 221 Mass. 356, 361–362. This state-
ment of the judge is not equivalent to finding that the
plaintiff's attorney had made a mistake and that the de-
fendant's attorney knew it. The findings, read as a whole,
are that the former could not conceive of there being
liability without consequent damages, that it was decided
that there would be no payment unless there should be
damages, and that both lawyers knew of no better way
to express the event on which payment would hinge. This
statement of the judge is not a finding that the defendant's
attorney knew that the plaintiff's attorney was mistaken
in believing that, should liability be established, damages
would be legally provable and that, if not, nominal damages
would surely be awarded in equity. The plaintiff strongly
urges that the attorneys had an identical intention that
payment should depend upon liability and not upon an
award, however small. See Am. Law Inst. Restatement:
Contracts, § 504. The difficulty with this argument is
that the plain language of the stipulation is otherwise

and the findings do not bring the case within the established rules for the reformation of contracts.

*Decree affirmed with costs.*