THEODORE L. STORER & others *vs.* J. TIMOTHY ANDERSON. May 18, 1976. The judge's findings that the defendant "state[d] that the policy was to be in his and his wife's name, intending that it be so as trustees of the Trident Realty Trust," and that the plaintiff "Dyer, mistakenly, took the information given him to mean that the named insured were to be the two individually," while binding upon us because not clearly erroneous (Mass.R.Civ.P. 52[a], 365 Mass. 816 [1974]; *Marlow* v. *New Bedford,* 369 Mass. 501, 508 [1976]), did not support the ruling that the premium thereon "was not owed and is not owed by the defendant (or his wife) individually." The ruling was not permissible on a theory (apparently adopted by the judge) of reformation by reason of mutual mistake; for the record, so far as the appendix shows (see Mass.R.A.P. 18[a], 365 Mass. 864 [1974]; *Slater* v. *Burnham Corp., ante,* 791 [1976]), discloses no evidence, much less any "full, clear and decisive proof"

(*Sztuba* v. *Sztuba,* 3 Mass. App. Ct. 781 [1975]), that any of the plaintiffs shared in or was aware of the defendant's intended meaning until long after the policy had been issued. *Eno* v. *Prime Mfg. Co.* 317 Mass. 646, 650 (1945), and cases cited. *Century Plastic Corp.* v. *Tupper Corp.* 333 Mass. 531, 534 (1956). *Sancta Maria Hosp.* v. *Cambridge,* 369 Mass. 586, 595-596 (1976). Contrast *J.P. Eustis Mfg. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217-219 (1908); *Mates* v. *Penn. Mut. Life Ins. Co.* 316 Mass. 303, 306 (1944). Nor can the defendant escape liability on the alternative ground (rejected by the judge) that there was a sufficient misunderstanding as to the identity of the insured to prevent a meeting of the minds and render the policy void or voidable at the defendant's option (see *Ritson* v. *Atlas Assur. Co. Ltd.* 279 Mass. 385, 390-391 [1932]; *Sancta Maria Hosp.* v. *Cambridge,* 369 Mass. at 596), as we are satisfied that the misunderstanding resulted entirely from the defendant's failure to express his true intention when applying for the policy. See Restatement: Contracts § 501, comment b (1932). Compare *Dzuris* v. *Pierce,* 216 Mass. 132, 135 (1913). The evidence discloses no circumstances which would have imposed on the plaintiffs a duty to inquire whether the defendant should be taken at his word. We need not decide the question, implicit in the case but not argued by the plaintiffs, whether the defendant's individual liability for the premiums would have been precluded even if his and his wife's names on the policy had been followed by the words "as they are trustees of the Trident Realty Trust." See *Larson* v. *Sylvester,* 282 Mass. 352, 359 (1933); *Dolben* v. *Gleason,* 292 Mass. 511, 513-515 (1935), and cases cited; *Mamber* v. *Levin, ante,* 157, 159 (1976). Compare *Ballentine* v. *Eaton,* 297 Mass. 389, 391 (1937). A new judgment is to enter for the plaintiffs in the amount of $4,377.06, plus interest and costs. The plaintiffs are to have the costs of appeal.

*So ordered.*

The case was submitted on briefs.
*John W. Gahan, III, & Loring A. Cook, III,* for the plaintiffs.
*Erwin C. Cooper* for the defendant.