ELLYN G. CARLSON *vs.* WALTER C. WITHERS, JR., & another; ROLF AUGUSTIN, intervener. June 10, 1983. *Practice, Civil,* Intervention, Notice to admit facts.

This is an appeal from a judgment of the Land Court dismissing the plaintiff's complaint seeking reformation of certain deeds in her chain of

title. We think that the judge properly could have concluded on the record that "there was no such full, clear and decisive proof of mutual mistake as would warrant reformation." *Sztuba* v. *Sztuba*, 3 Mass. App. Ct. 781 (1975).

1. The plaintiff claims that the judge erred in allowing the motion to intervene. See Mass.R.Civ.P. 24, 365 Mass. 769 (1974). A trial judge is accorded considerable discretion in determining "whether the requirements of intervention have been met . . ., and his decision will not be reversed in the absence of an abuse of discretion." *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 8 Mass. App. Ct. 158, 162 (1979) (citations omitted). *Haverhill* v. *DiBurro*, 337 Mass. 230, 235-236 (1958). On our examination of the record, we discern no abuse of that discretion. See Smith & Zobel, Rules Practice § 24.2, at 162 (1975), where the commentators set out factors courts will consider in determining the propriety of intervention. Here the intervener had an interest in the subject of this litigation such that "the disposition of the action may as a practical matter impair or impede his ability to protect that interest." Mass.R.Civ.P. 24(a)(2). Contrast *Motor Club of America Ins. Co.* v. *McCroskey*, 9 Mass. App. Ct. 185, 188-189 (1980). It is equally apparent that because the defendants have no interest in the outcome of the litigation, the intervener's "interest is [not] adequately represented by existing parties." Mass.R.Civ.P. 24(a)(2). See 7A Wright & Miller, Federal Practice & Procedure § 1909, at 524 (1972), cited in *Mayflower Dev. Corp.* v. *Dennis*, 11 Mass. App. Ct. 630, 636-637 (1981).

2. The plaintiff's argument regarding Mass.R.Civ.P. 36, 365 Mass. 795 (1974), is unavailing for several reasons. The judge was not compelled to find as fact those items contained in the plaintiff's requests, pursuant to rule 36, for admissions to which no response was made. Rule 36 provides a means to "define and limit the matters *in controversy* between the *parties*" (emphasis supplied). 8 Wright & Miller, Federal Practice and Procedure § 2252, at 704 (1970). A failure to respond to a request for admissions by a nonadversary party does not have the usual conclusive effect provided by the rule. Unless a party has a stake in the outcome of the litigation, there is no compulsion to respond. Cf. *Haverhill* v. *DiBurro*, 337 Mass. at 236 (intervention assures that the action will be "prosecuted with vigor"). Here there was no controversy between the plaintiff and defendants, and the party which did not respond had no interest in the outcome. Moreover, regardless of any conclusive force rule 36 may have, "the admission does not affect any party other than the one making it." Smith & Zobel, *supra*, § 36.9, at 402. Thus a party, here the intervener, is not bound by the admissions of a compliant coparty, and may, as was done here, introduce contradictory evidence. See 8 Wright & Miller, *supra*, § 2264, at 747. See *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 628 (1977) ("'intervenor in an action or proceeding is, for all intents and purposes, an original party'").

*Judgment affirmed.*

*Robert W. Carlson* for the plaintiff.
*Mark D. Shuman* for the intervener.