Banks, J.
This action in tort was instituted in the Cambridge Division of the District Court Department. The plaintiff has appealed the amount of damages awarded him upon a default judgment and the trial court’s refusal to rule upon his Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summaryjudgment after the entry of default.
The facts are quickly stated and, as indicated, uncontested. Plaintiff Kenneth Krohn alleged in his complaint that he befriended and took into his home defendant Olga Wildfeuer, a foreign student who at the time had just arrived in the area to pursue her medical studies. The plaintiff, who has acted pro se throughout these proceedings, detailed many benefits which he claimed in his complaint he had conferred upon the defendant during the months they lived together, including loans for clothing, for the payment of the defendant’s airfare from Belgium and for an abortion of a fetus said not to be the plaintiffs. The plaintiff further detailed the manner in which the defendant, toward the end of the relationship, allegedly grew increasingly assaultive toward him, attacking him on one occasion with an ice-scraper and on more than one occasion delivering “karate chops” to the head which he asserted broke his glasses and which allegedly resulted in an impairment of his vision.
The defendant answered the original complaint, but did not answer a subsequent, amended complaint and has not responded to requests for depositions and production of documents. In fact, the defendant has not participated in any manner in this case since the time of her original answer. The defendant was defaulted and the matter set down for a hearing on the assessment of damages pursuant to Dis./Mun. Cts. R. Civ. P., Rule 55(b). Prior to the assessment hearing, the plaintiff had filed a battery of thirty-seven (37) demands for the admission of facts under Dist./Mun. Cts. R. Civ. P., Rule 36. Among those demands, the plaintiff listed several articles which he claimed the defendant had appropriated from him upon her departure from his home and gave his opinion of their worth. He also demanded that the defendant admit the following regarding his allegations of physical injury:
35. As a result of the injury to the plaintiffs eyes and head caused by-defendant, plaintiff has suffered and will in the future suffer loss of active income in the average present value amount of at least $30,000 per year for a total future lifetime present value loss of at least $960,000.00 dollars.
36. As a result of the injury to plaintiffs eyes and head caused by *203 defendant, plaintiff has endured and will in the future endure pain and suffering, including the possible loss of vision, having a monetary value of $550,000.00.
At the assessment hearing, the plaintiff presented some evidence tending to corroborate his claim for damages; e.g., a letter from a doctor indicating that he had suffered injury to his eyes. With regard to a specific valuation of his damages, however, the plaintiff relied upon his demands to admit facts and the value he himself had placed on each item of damage. As calculated by the plaintiff, that total sum is $1,514,156.00. The court assessed damages in the amount of $1,653.00. The plaintiff has appealed, claiming that he was entitled as a matter of law to an assessment of damages in the amount of the sum set forth in his requests for admissions of fact which were not denied by the defendant.
The plaintiffs appeal is based upon the assertion that, as a matter of law, the trial judge was bound by the operation of Dist./Mun. Cts. R. Civ. P., Rule 36[1] to enter judgment for damages strictly in accordance with the figures which he presented to the court as having been admitted under that rule. Plaintiffs proposition is quite straightforward: (1) Dist./Mun. Cts. R. Civ. P., Rule 36 provides that a statement of opinion or fact not denied by a party on whom a demand for admission is made is, in fact, admitted; (2) Rule 36(2) provides that a matter admitted is “conclusively established” for the purposes of the case; and that, therefore, (3) the amounts of damages alleged by the plaintiff in his demand to admit facts were conclusively established by the defendant’s failure to deny the same and no other action by the trial court upon the question of damages was required, authorized or permitted by law beyond the entry of judgment for the amounts so established.
The plaintiffs argument correctly states the provisions of Rule 36 and presents a logical application of the rule’s operation to the present case. Upon examination, however, it is less clear that as broad and simple an application of Rule 36 as the plaintiff suggests would be either required or desirable in the instant case. It should be borne in mind, initially, that the primary purpose of Dist./Mun. Cts. R. Civ. P., Rule 36 is to reduce litigation between parties by eliminating those matters which do not involve triable issues of fact. This, of course raises the question of what purpose, if any, is served by incorporating the rule into an uncontested case where its operation appears not to be needed. In the instant case, no issues of defendant’s liability were left to be resolved between the parties and the case would appear to be in precisely the posture which the rule was designed to achieve. The only effect of an application of Rule 36 in this case would be to relieve the plaintiff of the burden of adducing any proof whatsoever Upon his claim for damges. In a sense, this application of Rule 36 would decrease the number of issues to be resolved by the court, but it would do so by requiring the court to abdicate all responsibility and authority for the examination, consideration and evaluation of the plaintiffs claim for damages.
At the same time that it is determined that there is no apparent necessity for the application of Rule 36 in an uncontested case, it should also be noted that there exists a mechanism of long standing for the determination of damages in *204 uncontested cases. Rule 55(b) (2)[2] of the Dist./Mun. Cts. R. Civ. P. specifically provides that the court may hold hearings, appoint masters and do other things necessary to ascertain damages before those damages are established as part of the judgment of the court. This procedure is in sharp contrast to the proposal urged upon us by the plaintiff under which he or any plaintiff could essentially “write his own ticket” in the form of a demand admitted by default which need not be corroborated and cannot be reviewed.
A basic difficulty with the argument is the scope which is attached to the words “conclusively established” in dealing with admissions. The plaintiffs argument takes those words to mean that an admission is to be accepted as abiding truth, binding upon all aspects of the case during the pendency of the case. The words themselves do not require such a broad effect, and cases under the rule have indicated that admissions are not binding on third parties in a case. Carlson v. Wither, 16 Mass. App. Ct. 924 (1983).
We see no reason why Rule 36 should be so broadly interpreted as to affect all aspects of the instant case, particularly where the sanctions of Rule 36 which the plaintiff imports into his argument are designed to enforce a rule which is without relevance to the case. A more rational application of Rule 36 would involve treating as “conclusively established” only those matters which pertain to contested issues between parties who actually come before the court. It does not appear that such an interpretation of the sanction of Rule 36(b) would in any way vitiate the purpose and effectiveness of the rule. Indeed, virtually the only perceivable effect of this interpretation is that it will prevent situations like the present one in which a plaintiff in an uncontested matter may seek effectively to avoid the process of assessment of damages and proceed directly to dictate to the court whatever assessment he may see fit.
We decline, therefore, to accept the plaintiffs contention that in acting under Rule 55(b) (2) the trial court was bound to accept as unexamined fact the opinions of value advanced by the plaintiff as admissions under Rule 36. The defendant, had she appeared, would certainly have been bound by them. It should be noted that the trial court could then have ameliorated the effect of these admissions by permitting the defendant on motion to withdraw or amend them. Reynolds Aluminium Building Products Co. v. Leonard, 395 Mass. 255, 260 (1985). It was for the court finally, however, to weigh the evidence objectively as to the value to be ascribed to the harm claimed to have been suffered by the plaintiff. The plaintiffs estimation of his damages, however honestly intended, cannot be expected to be objective. The findings of the trial court are what we have to rely upon and, unless obviously and egregiously in error, are not reviewable.
Given the result of our analysis of Rule 36 in this case, we also find no error in the trial court’s refusal to grant the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment which was filed subsequent to the entry of a default against the defendant. Such default settled any question as to the defendant’s liability. Issues of damages remained, however, to be resolved at a Rule 55 (b) (2) assessment hearing. A motion for summary judgment is *205 properly denied where inherently factual issues are present. See, generally, Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723, 725-726 (1979); Canter v. Planning Board of Westborough, 7 Mass. App. Ct. 805, 808 (1979).
The plaintiffs election to rely exclusively on a literal construction of the provisions of Rule 36 resulted in his mistaken belief that it was unnecessary to advance any other evidence to establish his damages at the Rule 55 (b) (2) assessment hearing. In view of our decision today, the plaintiff should be afforded an opportunity to substantiate his claims.
Accordingly, judgment for the plaintiff in the sum of $1,653.00 is hereby vacated. This case is remanded for a hearing on the assessment of damages.

 Rule 36 “(a) Request for Admission. A party may serve upon any other party a written request for admission, for purposes of the pending action, only, of the truth of any matters ... set forth in the request that relate to statements or opinions of fact or of the application of law to fact....
.. The matter is admitted unless, within 30 days after service of the request... the party to whom the request is directed ... [answers the request].
“(h) Effect of Admission. Any matter admitted under this Rule is conclusively established...."

 Rule 55 provides: “(b) Judgment. Judgment by default may be entered as follows:
(1) By the Clerk. When the plaintiffs claim against a defendant is for a sum certain ... the clerk ... shall enter judgment for that amount....
(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor:... If in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make any investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute.”