Banks, J.
This is a matter arising in the Waltham Division of the District Court Department in which the appellant is a prevailing plaintiff aggrieved by the amount of damages and attorney fees awarded by that court The case involves a relatively simple matter which by virtue of procedural considerations and contrasting approaches and assumptions of the parties comes to this Division in a very convoluted posture.
In its simple factual structure and initially uncomplicated questions of law, this case closely resembles a typical small claims case. The plaintiff, Donna Bromberg, had occasion to check her mink jacket at the cloakroom made available by the defendant, Marriott Corporation, for patrons of its hotel’s restaurant. The operators of the cloakroom were defendants Randy and Nancy Hahn, doing business as Coat Check Services. All the evidence was that the cloakroom attendant on duty misdelivered the plaintiffsfur jacket to another customer. None of the defendants has contested, other than formally, their liability under the law as it relates to bailments. The only issue apparently to be resolved in the matter was the value of the fur jacket at the time of its loss.
This case has not proceeded along such orderly and prosaic lines, but has seemingly taken on a life of its own from and after the defaulting of the defendants on August 4,1989 for failure of counsel to appear at a pretrial conference. The report recites that
On August 18,1989 the court denied a motion filed by the defendants to vacate said default judgment after defendants’ counsel represented that there was no issue of liability worth trying.
The statement attributed to defendants’ counsel is fully consistent with defendants’ position throughout; namely, that they were responsible for the loss of the jacket and prepared to submit to ahearing on damages to be assessed by thecourti What counsel evidently overlooked or Med to understand fully was not only the inclusion in the plaintiff’s complaintof counts under G.Lc. 93Aalleging that the misdelivery amounted to an “unfair or deceptive act” in violation of §2 of that statute, but also the implication for damages of an adjudication of liability under G.Lc. 93A, §9.
Having denied the defendants’ motion to remove the default, the trial court treated the default as foreclosing any question of the defendants’ liability as to all counts, including the claim of consumer fraud under c. 93A. At a subsequent hearing on assessment of damages, the trial court allowed attorney’s fees pursuant to G.Lc. 93A, §9, but declined to assess damages for punitive, multiple damages as provided for in *77 G.Lc. 93A, §9. Judgment was entered for the plaintiff in the amount of $2,800.00, plus interest, costs and attorney's fees of $1,000.00.
The plaintiffs contention on appeal is that upon default, the defendants should be foreclosed from questioning not only the fact of a violation of G.Lc. 93A, §2 by the commission of an unfair or deceptive act, but also those facts which, if pleaded and proven, give rise to required multiple damages under G.Lc. 93A, §9. The plaintiffs argument has a certain consistency, but cloaks an underlying problem in this area of the law. An adjudication of liability under G.Lc. 93A, §2 carries with it implications for damages not to be had by other findings of liability. At a hearing on assessment of other damages, claims which are spurious or exaggerated may be resolved by the trial court even in the absence of the defendant Krohn v. Wildfeuer, 1987 Mass. App. Div. 202. The proposition advanced by the plaintiff, if carried to its logical conclusion, is that inclusion in a complaint of a count charging violation of c. 93A, however spurious (or even irrelevant), requires the allowance of attorney’s fees and the imposition of multiple damages on default.
It is unnecessary, however, to assess the legal validity of the plaintiffs proposition. The presentcase demonstrates byits own facts the difficulties with theplaintiffsclaim that a default in any case which includes a c. 93A claim ipso facto should confer upon the plaintiff all the rights conveyed by the statute.
First, the plaintiffs claim that the act of defendants’ agent in misdelivering the bailed item amounted to an “unfair or deceptive” act as proscribed by G.Lc. 93A, §2 must be considered dubious. Without prejudging the matter, it is difficult to see from the facts as presented that the agent’s act of misdelivery, even if grossly negligent, could be found to be unfair or deceptive. There is nothing in the record to suggest that the act of misdelivery was anything other than an honest mistake. Certainly such act does not even approach that definition of unfair or deceptive conduct which it is said “must attain a level of rascality that would rase an eyebrow of someone inured to the rough and tumble of the world of commerce.” Levings v. Forbes & Wallace, Inc., 8 Mass. App. 498, 504 (1979).
Second, the plaintiff was in any event entitled to prevail, if not upon default, then upon the merits after hearing on her count for breach of contract
Third, the final determination of the case, from all that appears, could have been and may well have been made entirely without regard to the count under c. 93A except as the trial court felt that the allowance of attorney’s fees was required under G. Le. 93A, §9.
In these circumstances, the imposition of punitive damages would appear to work a hardship and injustice upon the defendants solely by reason of a default occasioned by their counsel.
The foregoing discussion illustrates the complexity of the problems raised by the issue presented on appeal. The provisions of G.Lc. 218, §110 relating to this Division call for the rendering of a decision according to the justice of the case. In the peculiar state in which this matter is presented, we are not satisfied that merely to deal with the limited issue as presented would produce either a just result or one which would be helpful in the determination of other cases.
The central fact in this case as it comes before this Division is that most of its problems exist for no other reason than the failure to resolve the validity of plaintiff’s G.Lc. 93A claim by a hearing. While it is not the function of this Division to rescue parties from traps into which they may have fallen, there appears to he no useful purpose to be served by this Division’s acting upon a matter where the most crucial issue is unresolved, but resolvable.
In the instant case, the issue may be easily and practically resolved by the return of this matter to the Waltham District Court for removal of the default and further proceedings thereafter.
The plaintiff has also complained in her appeal that she was not afforded notice of *78 the name of the defendants’ expert witness on assessment of damages as required by her interrogatories and that that witness was nonetheless permitted to testify. Dist/ Mun. Cts. R. Civ. P., Rule 26(b) (4). See Cassano v. Gogos, 20 Mass. App. Ct. 348, 355 (1985). The plaintiff asserts that she was prejudiced in that she was unable to prepare for the defendants’ expert or to produce counter experts. The plaintiff may also have been misled into supposing that, in the absence of defense experts, the trial court might accept her erroneous claim that the measure of damages to be applied was replacementrather than actual value. As this matter is being returned to the trial court for a full trial on the merits and for a new assessment of damages, further analysis of these issues is unnecessary.
Accordingly, judgment for the plaintiff and the defendants’ default are hereby vacated. This matter is returned to the Waltham Division for trial and an assessment of damages in accordance with the above. So ordered.