Doerfer, J.
Plaintiff, Daniel J. Carey (“Carey”) brought this breach of contract, fraud, and deceit action against defendants Robert Bray (“Bray”) and Bray’s attorney, Frederick J. Conroy (“Conroy”) to rescind a settlement agreement which Carey and Bray signed in December 1992. The case came before the court on July 26, 1994 for hearing on the motion to intervene of John J. Hynes (“Hynes”) and Michael F. Moxley (“Moxley”). For reasons stated below, the motion to intervene is denied.
BACKGROUND
The record in this case reveals the following relevant facts. In 1975, Carey and Bray agreed to become equal partners in a project to repair roofing for the Massachusetts Bay Transit Authority. Over the next decade, Carey and Bray continued their relationship, forming several entities to carry out additional projects. In 1988, Carey brought suit against Bray (“the 1988 action”), alleging that Bray had breached his partnership agreement and had violated his fiduciary duties by diverting funds from the Carey-Bray partnerships to fund other Bray enterprises, including the purchase of a beneficial interest in the Cliffmont Realty Trust (“Cliffmont”). Carey’s suit against Bray resulted in a jury verdict of $750,000 in favor of Carey.[2]
The Cliffmont Realty Trust was created in 1987, naming Hynes as Trustee, and Hynes, Moxley, and Bray as beneficiaries. Cliffmont was created to buy land in Boston for the development and sale of condominiums. Hynes and Moxley contend that Cliffmont was not a successful venture, and that they have personally paid Cliffmont’s debts, totalling over $710,000.
In 1993, Carey instituted a second action against Bray for fraudulent conveyance, fraud, breach of contract, deceit, default, negligence, and violation of *499 G.L.c. 93A (“the 1993 action”). The 1993 action arose out of a settlement agreement (“the 1992 agreement”) which Carey and Bray signed in December 1992 as a result of Bray’s attempt to mitigate the jury verdict award in the 1988 action. The 1992 agreement provided, in part, that Carey would receive a second mortgage on property in Cambridge, that Bray would pay $2,000 per month to Carey, and that Bray would assign all his right, title, and interest in Cliffmont to Carey. Carey alleged in the 1993 action that Bray failed to obtain and record the discharge of five junior mortgages on the Cambridge property, that Bray did not pay the monthly installments, and that Bray’s assignment of his interest in Cliffmont was a nullity because Cliffmont Realty Trust had terminated by its own terms in 1992. Carey alleged that Bray misrepresented the status of his interest in Cliffmont, inducing Carey to sign the 1992 agreement and a document entitled “Release of All Demands,” barring Carey from seeking further legal and equitable relief, and discharging his attachment.
DISCUSSION
Massachusetts R.Civ.P. 24(a) provides that “[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the Commonwealth confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.” See Cosby v. Department of Social Servs., 32 Mass.App.Ct. 392, 394-95 (1992); Massachusetts Fed’n of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 205 (1991). “There is no convenient rule of thumb for deciding when these requirements have been satisfied. Rather, each case must be analyzed in a practical manner because the rule ‘is not limited strictly to legal or equitable concerns.’ ” Mayflower Devel. Corp. v. Dennis, 11 Mass.App.Ct. 630, 635 (1981). A judge “is accorded considerable discretion in determining “whether the requirements of intervention have been met . . .’ ” Carlson v. Withers, 16 Mass.App.Ct. 924, 925, rev. denied, 389 Mass. 1105 (1983).
In the present action, Moxley and Hynes seek to intervene in the 1993 action, claiming that Carey acquired all of Bray’s right, title, and interest in Cliffm-ont as a result of the 1992 agreement. Moxley and Hynes seek a determination that Carey was a joint venturer in the Cliffmont development and that Moxley, Hynes, Bray, and plaintiff are jointly and severally liable for Cliffmont’s debts. The proposed interveners argue that they are entitled to contribution from Carey for the payment of the debts, and thus should be allowed to join in the 1993 action.
In general, members of a joint venture are entitled to contribution from the other joint venturers if the amount of the debt owed exceeds the amount of the assets of the joint venture. See Shain Investment, Inc. v. Cohen, 15 Mass.App.Ct. 4, 9 (1982). In the present case, the record suggests that Moxley and Hynes may have a right to contribution from Bray. The 1993 action, however, does not involve a determination of Carey’s status as a joint venturer. Rather, it is an action seeking to rescind a negotiated settlement agreement between Carey and Bray. The proposed interveners thus have no “interest relating to the property or transaction which is the subject of the [1993] action," and therefore have failed to satisfy a necessary requirement of Mass.R.Civ.P. 24(a)(2). In addition, allowing Hynes and Moxley to intervene and to seek a determination of whether Carey was a joint venturer would unnecessarily complicate and delay the prompt resolution of the 1993 action. Mayflower Devel. Corp., 11 Mass.App.Ct. at 635-36.
Furthermore, although litigation in the 1993 action may ultimately entitle Carey to recover damages, and possibly exemplary damages, from Bray, the court does not routinely allow creditors to intervene into an action merely to benefit from a recovery by a debtor. It is well-settled that the proper method for creditors to collect such a debt would be to bring a reach and apply action against Bray, naming Carey as the reach and apply defendant. The first step of such an action would be for Hynes and Moxley to show the existence of a debt owed to them. The second step would involve the process of satisfying the debt. Massachusetts Elec. Co. v. Athol One, Inc., 391 Mass. 685, 687 (1984); Papamechail v. Holyoke Mut. Ins. Co., 8 Mass.App.Ct. 849, 852 (1979). Given that the status of the debts owed among Carey, Bray, and the proposed interven-ers should be litigated separately, Hynes and Moxley may not intervene in the 1993 action.
ORDER
For reasons set forth above, it is hereby ORDERED that the motion to intervene of John J. Hynes and Michael F. Moxley is DENIED.

 A Motion to Commence Civil Contempt Proceedings is currently pending in the 1988 action. In his motion, Carey seeks to enforce compliance with a stipulation filed after commencement of the 1988 action, providing that Hynes would “not distribute any sums of money from Cliffmont Realty Trust of a one-third beneficiary share of said Trust to Robert Bray.” Carey claims that disbursements of funds in 1989 by Hynes and by Bray violated this stipulation, although Hynes and Bray assert that the funds were not distributed from Bray’s share of the profits.